[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: SUMMARY JUDGMENT #150
The present case arises from a complaint filed by the plaintiff, Candi Lee Topazio, personally and as administratrix of the estate of Marc T. Topazio (decedent), against the defendant, Cornerstone of Eagle Hill. The two count complaint sounds in negligence and loss of consortium. The following relevant facts are alleged in the complaint. The decedent entered into an inpatient rehabilitation program with the defendant and CT Page 10087 was subsequently discharged on an outpatient basis. On January 10, 1995, the decedent attended his outpatient treatment session at the defendant's facility, at which time it is alleged that he was highly intoxicated. Further, despite the decedent's extreme intoxication, the agents or employees of the defendant allowed him to leave the facility. After leaving the facility, the decedent drove his vehicle, crossed the center line of the roadway and struck another vehicle. The decedent died as a result of the collision.
On June 16, 1997, the defendant moved for summary judgment on the ground that the plaintiff failed to present any evidence to support her allegation that the decedent was intoxicated while attending a meeting at the defendant's facility. The defendant further argued that it had no duty to prevent the decedent from leaving the facility and that its actions were not a proximate cause of the decedent's death. The plaintiff objected on the ground the plaintiff Will present evidence sufficient to support a finding by the trier of fact that the decedent was intoxicated while at the defendant's facility.
On February 3, 1998, the court, Pellegrino, J., denied the defendant's motion for summary judgment. See Topazio v. Cornerstone of Eagle Hill, Superior Court, judicial district of Waterbury, Docket No. 137269 (February 3, 1998, Pellegrino, J.). The plaintiff submitted an affidavit from the decedent's mother and a report that the decedent's blood alcohol level was .41 at the time of the accident. See id. The court held that the decedent's intoxication at the defendant's facility was a question for the jury. See id. On February 17, 1998, the defendant filed a motion for re-argument on its motion for summary judgment. The court,Pellegrino, J., denied the motion to re-argue on June 2, 1998.
On June 15, 1999, the plaintiff filed a disclosure of its expert witness, James, E. O'Brien, Ph.D., M.D., who will testify as to the blood alcohol of the decedent, the time of the decedent's intoxication, and that it is reasonably probable that the decedent was intoxicated at the time he was in the counseling session. On June 17, 1999, the defendant filed an objection to the plaintiffs disclosure of its expert witness on the ground that a conflict of interest exists because it originally retained Dr. O'Brien in February 1998 and it is inappropriate for Dr. O'Brien to be an expert for either party in this action. On September 7, 1999, the court, Holzberg, J., sustained the defendant's objection. On June 15, 2000, the plaintiff filed a supplemental disclosure of its expert witness, Mitchell W. Sauerhoff, Ph.D., DABT, who will testify that it is reasonably probable that the decedent was intoxicated at the time he was in the counseling session.
The defendant filed the present motion for summary judgment on May 4, CT Page 10088 2000. The defendant, in effect, has renewed its June 16, 1997 motion for summary judgment on the ground that the plaintiff has failed to present any evidence to support her allegation that the decedent was intoxicated while attending a meeting at the defendant's facility and is therefore entitled to judgment as a matter of law. The defendant's motion states that "[a]lthough this matter is assigned for trial on July 13, 2000, by order of the court (Holzberg, J.), the defendant was allowed the right to renew its motion for summary judgment on or before May 1, 2000." The plaintiff filed an objection on the ground that there is sufficient evidence that the decedent was intoxicated while at group session and a genuine issue of material fact exists. The plaintiff further objects on the ground that the defendant has not requested permission from the court to file its motion for summary judgment in accordance with Practice Book § 17-44.
 DISCUSSION
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). "[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Miles v. Foley,253 Conn. 381, 385, __ A.2d __ (2000); see Practice Book § 17-49. A material fact is one "which will make a difference in the result of the case." (Internal quotation marks omitted.) Hammer v. Lumberman's MutualCasualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts. . . (Citations omitted; internal quotation marks omitted.) Miles v. Foley, supra, 253 Conn. 386.
"[T]he party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) Miles v. Foley, supra,252 Conn. 386. "It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) H.O.R.S.E. of Connecticut. Inc. v. Washington, 57 Conn. App. 41,45, 746 A.2d 820, cert. granted, 253 Conn. 911 (2000). "The existence of the genuine issue of material fact must be demonstrated by counter affidavits and concrete evidence." (Internal quotation marks omitted.) CT Page 10089Pion v. Southern New England Telephone Co., 44 Conn. App. 657, 663,691 A.2d 1107 (1997). "Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment." (Internal quotation marks omitted.) Great Country Bank v. Pastore,241 Conn. 423, 436, 696 A.2d 1254 (1997); see Practice Book § 17-46.
Notwithstanding the defendant's untimely filing of its motion for summary judgment, the court will address the motion.[1] The issues presented in the defendant's motion have been previously ruled upon by the court, Pellegrino, J, and are the law of the case if correctly decided, absent some new or overriding circumstance. See CFM of Connecticut. Inc.v. Chowdhury, 239 Conn. 375, 404, 685 A.2d 1108 (1996). The defendant argues the court should grant summary judgment because the plaintiff failed to present any evidence to support her allegation that the decedent was intoxicated while attending a meeting at the defendant's facility. The defendant appended numerous deposition exhibits of witnesses who state that the decedent was not visibly intoxicated at the continuing care group on January 10, 1995. See Defendant's
Exhibits A, B and C.
The plaintiff argues that she has presented sufficient evidence to prove that the decedent was intoxicated at the group session and an issue of material fact exists. The plaintiff appended the deposition testimony of Burton J. Hanson that states the decedent was intoxicated at work on the morning of January 10, 1995 and was fired that day. See Plaintiffs Exhibit A, p. 18-20. Further, the plaintiff appended the decedent's medical records that indicate the decedent always drank to the point of intoxication. See Plaintiffs Exhibit B. Moreover, the toxicology report indicated that the decedent's blood alcohol level was .41 at the time of his death, less than two hours after the decedent left the defendant's facility at approximately 6:00 p.m. See Plaintiffs Exhibit E; Affidavit of Dolores Oladeinde ¶ 14. Finally, the plaintiffs supplemental disclosure of expert witness indicates that Dr. Sauerhoff will testify that it is reasonably medically probable that the decedent was intoxicated during the group therapy session at the defendant's facility.
"The law of the case is not written in stone but is a flexible principle of many facets adaptable to the exigencies of the different situations in which it may be invoked. . . . Our Supreme Court has recognized that the law of the case doctrine is not one of unbending rigor. A judge is not bound to follow the decisions of another judge made at an earlier stage of the proceedings, and if the same point is again raised he has the same right to reconsider the question as if he had himself made the original decision. . . . In essence [the law of the CT Page 10090 case] expresses the practice of judges generally to refuse to reopen what has been decided and is not a limitation on their power. . . . Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance." (Citations omitted.) McCarthy v. McCarthy, 55 Conn. App. 326, 332-33, __ A.2d (1999), cert. denied, 252 Conn. 923 (2000).
The issues raised in the present motion for summary judgment have been raised and ruled upon in a prior decision. The court, Pellegrino, J., found that "the jury will have to draw an inference that if the decedent was extremely intoxicated at 8:00 P.M. (.41), then he must have been visibly drunk at 6:00 P.M." Topazio v. Cornerstone of Eagle Hill, supra. The court denied the defendant's motion and held, "[t]his court can not say that the inference that the plaintiff seeks the trier of fact to make is illogical or unreasonable. It may be strong enough to be found more probable than not. In any event, it is a question for the jury." Id. The court finds that the plaintiff has presented sufficient evidence on the issue of the decedent's intoxication at the defendant's facility. This issue has been previously ruled upon by the court as a question of fact for the jury and is the law of the case. There are no new or overriding circumstances that would warrant a decision inconsistent with the court's previous ruling. Accordingly, the defendant's motion for summary judgment is denied.
So ordered. August 30, 2000.
BY THE COURT
PETER EMMETT WIESE, JUDGE