**In re the MARRIAGE OF Barbara E. FISHER, Appellee,**

**and**

**Charles S. Fisher, Appellant.**

**No. 96CA0211.**

Colorado Court of Appeals,
Div. V.

Dec. 12, 1996.

Balis & Barrett, P.C., John H. Barrett, Boulder, for Appellee.

Howard Bittman, Boulder, for Appellant.

Opinion by Judge TAUBMAN.

Charles Stanwood Fisher (husband) appeals the portion of the permanent orders entered in the dissolution of his marriage to Barbara Elizabeth Fisher (wife) that concerns an award of maintenance. We reverse and remand for further proceedings consistent with this opinion.

The parties were married for eight years and eight months. At the time of the permanent orders hearing, wife earned approximately $30,000 per year and husband earned approximately $45,000 per year. Each held the same job before and during the marriage that he or she held at the time of the hearing. They stipulated to an equal division of marital property. The court awarded joint custody of the parties' 8–year–old child but ordered husband to pay child support of $426.56 per month and a health insurance premium of $115 per month for the benefit of the child. It also awarded wife spousal maintenance of $400 per month.

Wife had two children from a previous marriage but was not attempting to collect child support from the children's father although he was employed and there had been no claim that he was unable or unwilling to pay. Husband had separate property worth approximately $40,000 and was a one-half beneficiary of a discretionary trust with assets of $65,000.

## I. Duration of Maintenance

Husband contends the trial court erred when it declined to specify the duration of the maintenance award to wife. We agree.

In determining whether to award maintenance, the court must first determine whether a spouse is entitled to maintenance under § 14–10–114(1), C.R.S. (1987 Repl.Vol. 6B), and, if so, then must determine the amount and duration of such maintenance. *In re Marriage of Renier*, 854 P.2d 1382 (Colo.App.1993). A trial court has broad discretion in determining the amount and duration of a maintenance award. *Sinn v. Sinn*, 696 P.2d 333 (Colo.1985).

Section 14–10–114(2), C.R.S. (1987 Rep. Vol. 6B) provides that a maintenance order shall be in such amounts and for such periods of time as the court deems just after considering all relevant factors. It then lists six factors for the court to consider: (1) the financial resources of the party seeking maintenance, (2) the time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment and that party's future earning capacity, (3) the standard of living established during the marriage, (4) the duration of the marriage, (5) the age and the physical and emotional condition of the spouse seeking maintenance, and (6) the ability of the spouse from whom maintenance is sought to meet his or her needs while meeting those of the spouse seeking maintenance.

Here, after the court's bench ruling, husband asked the court why it had not set a specific period during which maintenance was to be paid. The court responded that, because of controlling case law, it did not have the ability to do so unless it had evidence of a reason maintenance should terminate after a specific period. The court also indicated that, if circumstances later changed, husband would have to move for modification of the order under § 14–10–122(1)(a), C.R.S. (1996 Cum.Supp.).

We recognize that there are cases which hold that, in setting the amount and duration of maintenance, a court may reserve jurisdiction to adjust a maintenance award if it is aware of a definite future contingency with an unknown financial impact. *See In re Marriage of Folwell,* 910 P.2d 91 (Colo.App. 1995); *see also In re Marriage of Caufman,* 829 P.2d 501 (Colo.App.1992). Otherwise, modification of maintenance must be based upon the parties' needs and circumstances at the time of the hearing and not on speculation about future conditions. *See In re Marriage of Folwell, supra.* However, we find no cases which hold that maintenance must continue indefinitely.

Thus, we conclude the trial court erred in determining that it did not have discretion to determine the duration of maintenance and that it was therefore required to provide for maintenance for an unspecified period of time.

Indeed, our review of the record indicates that there is evidence on which the court could predicate an award of maintenance for a specific term. For example, the court may consider the time it will take either party to pay his or her debts, including the note payable to the husband upon the eighteenth birthday of the parties' daughter.

It may also consider the duration of the marriage. *See In re Marriage of Dixon,* 683 P.2d 803 (Colo.App.1983) (when marriage had been of a short duration, husband's precipitous decline in income called into question the fairness of a maintenance agreement); *Sinn v. Sinn, supra* (courts have generally held short term maintenance inappropriate when marriage has been of long duration and dependent spouse has significant health problems or minimal employment skills).

■ While the court may, in its discretion, award permanent maintenance, it is not required to do so. Alternatively, if the court is aware of a definite future contingency, it may reserve jurisdiction to adjust its award of maintenance in accordance with *In re Marriage of Folwell, supra.*

On remand, the court should consider all relevant factors, including those under § 14–10–114(2), in exercising its discretion to determine the duration of maintenance. *See In re Marriage of Renier, supra.* In its discretion, the court may conduct proceedings to obtain evidence concerning the appropriate duration of maintenance.

Because of this disposition, we need not address husband's contention that the trial court abused its discretion in awarding wife permanent maintenance. Finally, the court must state the reasons upon which it bases the duration for the award of maintenance, whether based upon a specific period or permanent.

## II. Attorney Fees

Because we are reversing in favor of husband, this appeal is not frivolous, and therefore, we deny wife's request for an award of costs and attorney fees under C.A.R. 38(d). *See Platte Valley Mortgage Corp. v. Bickett,*

560

916 P.2d 631 (Colo.App.1996) (attorney fees under C.A.R. 38(d) denied when judgment reversed).

The judgment is reversed and the cause is remanded for further consideration and appropriate findings consistent with this opinion.

MARQUEZ and RULAND, JJ., concur.