In re the MARRIAGE OF Robert D. SIM, Appellee and Cross–Appellant,

and

Elizabeth Ann Sim, Appellant and Cross–Appellee.

No. 95CA1805.

Colorado Court of Appeals, Div. A.

May 1, 1997.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1996 Cum.Supp.).

Jerry N. Snyder, Denver, Hilary Holland, Westminster, for Appellee and Cross–Appellant.

Berryhill, Cage & North, P.C., Barbara Salomon, Denver, for Appellant and Cross–Appellee.

Opinion by Chief Judge STERNBERG.

In this proceeding for dissolution of their marriage, Elizabeth Ann Sim (wife) appeals and Robert D. Sim (husband) cross-appeals from the permanent orders awarding maintenance. Wife also appeals from portions of the property division. We affirm in part, reverse in part, and remand with directions.

When the parties dissolved their 20–year marriage, wife was 51 and husband was 56. Although no children were born as issue of this union, at the time of their marriage they each had a young child from their respective first marriages. At the time of the marriage, husband had a graduate degree and was working in the investment field, while wife had no college degree and was working for an insurance company in the art and advertising department.

The trial court found that wife left her employment to raise the two children and support husband's career and that the parties adopted traditional marital roles throughout the marriage. As described by the trial court, the parties' lifestyle was very comfortable, but not extravagant. Although husband's yearly income exceeded one-half million dollars in the three years prior to the dissolution, his income before that period had been substantially less. At the time of the decree, husband was the president of an investment company with a net monthly income of $24,599, and wife had no independent income.

The trial court valued the marital estate at $2.7 million, and, finding that an even division would be fair and equitable, divided the assets equally. Wife was awarded $873,000 in liquid assets, and the remaining funds, with a present value of $453,000, would be available at the time of wife's retirement.

Finding that wife is not presently capable of supporting herself through appropriate employment, and that even with the substantial award of property she still lacks sufficient property to provide for her reasonable needs, the trial court awarded her maintenance until age 65. The award was structured to provide for decreasing monthly amounts—$8000 for three years, $7000 for three years, $6000 for four years, then $5000 until wife reached 65, when the maintenance award would terminate, absent further order of court. Husband was also ordered to carry life insurance in an amount sufficient to cover the amount of maintenance owed, naming wife as the beneficiary.

## I. MAINTENANCE

### A.

Wife contends that the determination of husband's income was inaccurate because the trial court ignored approximately $100,000 gross yearly income received in the form of retirement contributions, bonuses, stock options, and various benefits that reduced husband's living expenses. We disagree.

The amount of maintenance awarded depends upon a number of statutory factors, including the ability of the spouse from whom maintenance is sought to meet his or her needs while meeting those of the spouse seeking maintenance. Section 14–10–114(2)(f), C.R.S. (1987 Repl.Vol. 6B).

Wife argues that husband's income must be calculated accurately, just as income is determined for purposes of calculating child support. For child support, however, the determination of income is part of a precise mathematical equation, and the combined gross income of the parties is one factor that is used to determine the exact amount of presumed support for a child. *See* § 14–10–115, C.R.S. (1996 Cum.Supp.). For

maintenance, the determination of the payor spouse's income is relevant only to the extent that it is indicative of that spouse's ability to meet his own needs while meeting those of the payee spouse. Unlike child support, there is no comparable mathematical formula for the determination of maintenance. *See In re Marriage of DaFoe,* 677 P.2d 426 (Colo. App.1983) (maintenance is not a function of a mathematical formula, but must be measured by the totality of the circumstances). Accordingly, we find no reversible error in the trial court's determination of the income attributed to husband.

### B.

■ Wife contends next that the wide disparity between the maintenance awarded her and the amount of income left for husband each month after he paid maintenance indicates that the trial court failed to give adequate consideration to the parties' standard of living during the marriage. We disagree.

■ The standard of living established during the marriage is one of the statutory factors that is to be considered in determining the amount and duration of maintenance. Section 14–10–114(2)(c), C.R.S. (1987 Repl. Vol. 6B); *In re Marriage of Dechant,* 867 P.2d 193 (Colo.App.1993). This factor is particularly important where the marriage is one of long duration and the wife worked as a homemaker and remained at home to raise the children. *In re Marriage of Huff,* 834 P.2d 244 (Colo.1992).

■ However, absent an abuse of discretion, a trial court's award of maintenance will not be reversed, *In re Marriage of Huff, supra,* and when the order is supported by competent evidence, it should not be disturbed on review. *In re Marriage of Caufman,* 829 P.2d 501 (Colo.App.1992).

Here, the trial court properly considered wife's *reasonable* needs, and was not bound to award maintenance so that the parties had an equal lifestyle forever. *See In re Marriage of LeBlanc,* 800 P.2d 1384 (Colo.App. 1990). The court specifically found that some of wife's alleged monthly expenses, such as $1000 for clothes, $1000 for eating out, and $3430 for recreation, were "over-

stated and excessive." This conclusion is supported by the testimony of husband, who described a less extravagant lifestyle during the marriage. Therefore, since the result is not unfair or inequitable, we defer to the trial court's exercise of discretion. *See Sinn v. Sinn,* 696 P.2d 333 (Colo.1985).

### C.

■ Next, wife alleges that the trial court erred in ordering incremental reductions of maintenance and ordering termination of maintenance at age 65 by improperly basing the decrease and termination on assumptions and speculation about wife's future condition. We are not persuaded.

■ The trial court has discretion to fashion an award of maintenance for a specific term, provided there is evidence upon which the specific term may be predicated. Therefore, maintenance need not continue indefinitely. *In re Marriage of Fisher,* 931 P.2d 558 (Colo.App.1996) (in setting duration of maintenance court may consider time it will take parties to pay debts and duration of marriage). We perceive no difference between limiting the duration of maintenance to a specific term, as in *In re Marriage of Fisher, supra,* and, as here, awarding incremental decreases in maintenance before terminating it completely.

We recognize that in *In re Marriage of Folwell,* 910 P.2d 91 (Colo.App.1995), assumptions about increases in income and living expenses were held to constitute improper speculation upon which to base future incremental decreases in maintenance. This case, however, differs from *Folwell.* Here, evidence in the record supported the decreases in maintenance. This included wife's recovering mental health, the completion of her education and corresponding commencement of a career, the purchase of a home which will eliminate the need for monthly mortgage payments, and wife's access to retirement funds and interest from the additional $453,000 of assets awarded to her in the property division when she attained the age of 65.

■ The trial court ordered that maintenance terminate when the wife reached age 65, "unless there is a further order of the court extending the maintenance." This language is insufficient to vest continuing jurisdiction in the trial court under § 14–10–114, C.R.S. (1987 Repl.Vol. 6B). The quoted language is markedly similar to that ruled on in *In re Marriage of Aldinger v. Aldinger*, 813 P.2d 836 (Colo.App.1991), in which the court ruled that nearly identical language was insufficient to reserve jurisdiction under § 14–10–114. Therefore, there being no reservation of jurisdiction under § 14–10–114, the unconscionability standard of § 14–10–122(1)(a), C.R.S. (1996 Cum.Supp.) would apply to any subsequent modification of this maintenance order. Hence, either party may move to modify maintenance in the future under § 14–10–122 if substantial and continuing changed circumstances render the terms of the award unfair. *See Sinn v. Sinn, supra.*

### D.

■ Wife's last contention regarding maintenance is that the court erred in placing the burden on her to seek a continuation of maintenance. Again, we disagree.

In *Sinn v. Sinn, supra,* the court indicated that it may be inappropriate to require the dependent spouse to return to court and assume that burden when it appears likely that the need for maintenance will continue past the designated maintenance period. Here, however, there is no indication that wife will have a continuing need for maintenance after she reaches age 65 and has access to her retirement funds. Thus, given the parties' financial circumstances here, *Sinn* is distinguishable.

### E.

Husband contends on cross-appeal that the trial court miscalculated the future value of wife's retirement funds and that consequently the award of maintenance should terminate four years earlier than wife's 65th birthday. Husband argues that the court based its decision to terminate maintenance upon the date at which the retirement funds awarded to the wife as part of the property

settlement would equal $1 million. We disagree.

The trial court specifically ordered that wife should "not have to draw upon any retirement funds until her 65th birthday." Contrary to husband's contention, the court, in making clear its reasons for terminating the maintenance order, simply explained that wife would have sufficient funds (more than $1 million) at age 65 to meet her reasonable needs.

Likewise, we find no merit in husband's contention on cross appeal that the trial court precluded him from seeking modification of maintenance until wife reached age 65. Husband may seek modification at any time, provided he satisfies the requirements of § 14–10–122. *See Sinn v. Sinn, supra.*

### F.

■ Husband also contends on cross-appeal that the trial court erred in ordering him to maintain life insurance to protect his maintenance obligation. We perceive no error.

■ In its discretion, a trial court may order that the payor spouse maintain life insurance to insure that maintenance will be received by the payee spouse. This is true even if the trial court does not explicitly state that the maintenance obligation survives the death of the payor spouse. *In re Marriage of Graff,* 902 P.2d 402 (Colo.App.1994).

Thus, the trial court did not abuse its discretion here in ordering that the maintenance obligation be secured with a life insurance policy.

## II. PROPERTY

### A.

■ Wife contends that the trial court erred by failing to divide all the stock options granted to husband during the marriage. Husband concedes, and we agree, that the stock options must be divided on remand.

■ To the extent an employee stock option is granted in consideration of past services, the option may constitute marital prop-

erty. *In re Marriage of Miller*, 915 P.2d 1314 (Colo.1996). Therefore, on remand, the trial court should divide the stock options in accordance with the *Miller* holding.

## B.

Next, wife contends that the trial court erred in failing to divide equally the club memberships and that it erroneously offset the memberships awarded husband by awarding wife a membership owned by husband's employer. Husband concedes that the trial court erred in awarding wife his employer's membership, but asserts that any error was offset by wife's cash withdrawals of marital funds during the separation.

On remand, the trial court should reconsider the distribution of the memberships. Furthermore, the question of the offset is one for the trial court, not this court.

## C.

Wife contends, and husband concedes, that the trial court erred in failing to divide the time share property. On remand, the trial court should classify and divide the time-share. *See In re Marriage of Foottit*, 903 P.2d 1209 (Colo.App.1995) (if property is omitted from permanent orders without explanation, the property division cannot stand).

Wife's request for attorney fees on appeal is denied. *See* C.A.R. 38(d).

The judgment of the trial court is affirmed as to the award of maintenance. It is reversed as to the property division, and the cause is remanded to the trial court for reconsideration of the property distribution in accordance with this opinion.

PIERCE* and TURSI* , JJ.,concur.