MARYANNE CORDONE *v.* ANTHONY CORDONE
(AC 16122)

O'Connell, C. J., and Schaller and Dupont, Js.

Argued September 21, 1998—officially released January 19, 1999

*Anthony L. Lazzaro, Jr.*, certified legal intern, with whom were *Carolyn Wilkes Kaas* and, on the brief, *Karl V. Rocker* and *Lisa J. Marotta*, certified legal interns, for the appellant (plaintiff.)

*Lisa A. Faccadio*, for the appellee (defendant).

*Opinion*

DUPONT, J. The plaintiff in this action for dissolution of marriage appeals from the judgment of the trial court. She claims that the trial court improperly failed (1) to issue an order requiring the defendant to maintain life insurance as security for the payment of time limited alimony, (2) to issue an immediate wage withholding

order for the payment of alimony and (3) to award more than $3500 in counsel fees. We remand the case to the trial court with direction to issue a wage withholding order as required by General Statutes § 52-362 (b), and we affirm the judgment of the trial court in all other respects.

The following facts are necessary for a proper resolution of this appeal. The plaintiff and the defendant were married on May 23, 1970, and, at the time of trial, had no minor children. The trial court rendered judgment dissolving the marriage of the parties on June 4, 1996. The trial court found that the marriage had broken down irretrievably and that the defendant bore more responsibility for the breakdown than the plaintiff.

The trial court entered orders regarding property distribution, alimony and other miscellaneous matters. As part of the dissolution decree, the trial court ordered the defendant (1) to assign a 50 percent interest in his teacher retirement benefits to the plaintiff, (2) to provide, at cost, present health insurance coverage to the plaintiff for a period of three years, (3) to pay $450 per week periodic alimony for seven years and (4) to pay $3500 to the plaintiff as counsel fees.

I

The plaintiff first claims that the trial court improperly failed to issue an order requiring the defendant to maintain life insurance as security for the payment of periodic, time limited alimony. We disagree.

The standard of review of financial awards in dissolution appeals is well settled. "Our role as an appellate court is not to retry the facts of the case, substitute our judgment for that of the trial court, or articulate or clarify the trial court's decision. . . . In reviewing the trial court's decision under [an abuse of discretion] standard, we are cognizant that [t]he issues involving

financial orders are entirely interwoven. The rendering of judgment in a complicated dissolution case is a carefully crafted mosaic, each element of which may be dependent on the other. . . . *Sunbury* v. *Sunbury*, 210 Conn. 170, 175, 553 A.2d 612 (1989); *Mulholland* v. *Mulholland*, 26 Conn. App. 585, 590, 602 A.2d 1054 (1992). When reviewing claims that the trial court abused its discretion in making these awards, every reasonable presumption should be given in favor of its correctness." (Citation omitted; internal quotation marks omitted.) *Puris* v. *Puris*, 30 Conn. App. 443, 449, 620 A.2d 829 (1993).

General Statutes § 46b-82, which governs the award of alimony in dissolution cases, provides in relevant part that "[a]t the time of entering the [dissolution] decree, the Superior Court may order either of the parties to pay alimony to the other . . . . The order *may* direct that security be given therefor on such terms as the court may deem desirable, including an order to either party to contract with a third party for periodic payments or payments contingent on a life to the other party. . . ." (Emphasis added.) An order directing a party to maintain life insurance as security for alimony "is very often an appropriate and necessary component of a judgment of dissolution of marriage. Indeed, orders requiring the maintenance of life insurance have been approved on numerous occasions by our courts." *Michel* v. *Michel*, 31 Conn. App. 338, 340, 624 A.2d 914 (1993).

The trial court articulated its decision that life insurance as security was not necessary to assure the payment of periodic alimony. It "concluded from the appearance, demeanor and past performance of the defendant, as well as his responsibility, job performance and steady work history that an allocation of life insurance as security for alimony was not reasonably necessary."

The plaintiff argues in her brief that security in the form of life insurance would provide her with resources should the defendant not survive the term of the alimony. She maintains that "[t]he trial court abused its discretion because it could not have reasonably concluded that [the plaintiff] needed a full seven years of alimony, and yet, that no security was necessary to ensure that she receives the support even if the defendant dies unexpectedly." The plaintiff also claims that the court, in its articulation, improperly focused on factors unrelated to the purpose of securing payment of alimony with life insurance.

The ordering of security for alimony by a trial court is discretionary under the statute. Although some of the factors cited by the court in its articulation were not directly related to the issue of whether the plaintiff needed security for alimony in the event that the defendant died before the specified time, they were related to the probable ability of his estate to guarantee payment. More importantly, other factors make the trial court's exercise of discretion proper.

As part of the dissolution decree, the defendant was awarded two individual retirement accounts in the combined amount of $22,000 and an annuity in the amount of $9000. The defendant was, at the time of judgment, insured through his place of employment under a life insurance policy with a face value of $120,000. He was forty-nine years old, in good health, enrolled in a doctoral program at Columbia University and employed as the assistant principal of West Haven High School. He is currently employed as an administrator with the West Haven board of education. Taking into account the factors listed in § 46b-82, including the defendant's age, health, station, occupation, amount and sources of income, employability and estate, we cannot say that the trial court abused its wide discretion in failing to order security for alimony.

## II

The plaintiff next claims that the trial court improperly failed to issue an immediate wage withholding order, as required by General Statutes § 52-362 (b).[1]

The plaintiff claims that the trial court was required to issue an immediate wage withholding order[2] because the court's memorandum of decision was silent as to whether cause existed for ordering a contingent wage withholding.[3] The plaintiff argues that such silence was tantamount to the issuance of a contingent order, without a finding of cause or an agreement of the parties that a contingent order should issue, which is not allowed under the statute. The defendant counters that the trial court need not articulate good cause for issuing a contingent wage withholding order and that, regardless, such cause did in fact exist. The defendant also argues that a requirement of § 52-362 (b) was not followed.

---

[1] General Statutes § 52-362 (b) provides in relevant part: "The Superior Court and any family support magistrate shall issue an order for withholding pursuant to this section against the earnings of an obligor to enforce a support order when the support order is entered or modified or when the obligor is before the court in an enforcement proceeding. The court *shall* order the withholding to be effective immediately or may, for cause or pursuant to an agreement by the parties, order a contingent withholding to be effective only on (1) the filing with the court or the assistant clerk of the Family Support Magistrate Division of an affidavit, sufficient under subsection (d) of this section, as to the obligor's delinquency or (2) an order of the court or a family support magistrate after a hearing pursuant to subsection (e) of this section. . . ." (Emphasis added.)

[2] The plaintiff requested an immediate wage withholding order in her claims for relief. There was no agreement of the parties for the issuance of a contingent wage withholding order.

[3] The plaintiff in this case sought articulation from the trial court as to a number of things, including the reasons for the failure of the court to issue an immediate wage withholding order for the payment of alimony. The trial court denied the articulation and the plaintiff sought review of the denial in this court. We granted review but denied relief as to the failure of the trial court to order an immediate wage withholding. That denial was improvident because we cannot now know why the trial court did not issue either an immediate or contingent wage withholding order.

Section 52-362 (b) mandates an immediate wage withholding order; see *Emerick* v. *Emerick*, 28 Conn. App. 794, 804, 613 A.2d 1351, cert. denied, 224 Conn. 915, 617 A.2d 171 (1992); 32 S. Proc., Pt. 12, 1989 Sess., pp. 3948–49, remarks of Senator Anthony V. Avallone ("wage orders and garnishments and support matters are automatic"); 32 H.R. Proc., Pt. 21, 1989 Sess., p. 7456, remarks of Representative Richard Tulisano ("there will be an automatic order of wage withholding" under the statute); unless the trial court exercises its discretion to issue a contingent order for cause.

That statute requires that before the court issues an order for withholding that is effective immediately, the trial court "shall inform the obligor of the minimum amount of earnings which are exempt from withholding under state and federal law, of his right to claim any applicable state or federal exemptions with respect thereto and of his right to offer any evidence as to why a withholding order effective immediately should not issue. . . ."[4] General Statutes § 52-362 (b).

Because the trial court did not, pursuant to the statute, issue either an immediate wage withholding order or a contingent one for cause, and, because the trial court did not provide the defendant his statutory rights under § 52-362 (b) as to exemptions or allow him to offer any evidence as to why a withholding order effective immediately should not issue, we must remand the case.[5] The defendant must be provided with notice as required by the statute and the court must issue either an immediate wage withholding order or, if it finds cause, a contingent wage withholding order.

---

[4] The plaintiff does not deny that the statute was violated in this respect.

[5] The remand in this case does not disturb any financial award and, therefore, we are not involved with the disruption of the "carefully crafted mosaic" that would require a reexamination by the trial court of every financial award.

## III

The plaintiff's final claim is that the trial court improperly failed to award additional counsel fees. We are not persuaded.

General Statutes § 46b-62 governs the award of attorney's fees in dissolution proceedings. That section provides in relevant part that "the court may order either spouse . . . to pay the reasonable attorney's fees of the other in accordance with their respective financial abilities and the criteria set forth in section 46b-82. . . ." The criteria set forth in § 46b-82 include "the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46b-81 . . . ."

"Courts ordinarily award counsel fees in divorce cases so that a party . . . may not be deprived of [his or] her rights because of lack of funds. . . . Where, because of other orders, both parties are financially able to pay their own counsel fees they should be permitted to do so." (Internal quotation marks omitted.) *Bornemann* v. *Bornemann*, 245 Conn. 508, 543, 752 A.2d 978 (1998). "Whether to allow counsel fees and in what amount calls for the exercise of judicial discretion. . . . An abuse of discretion in granting the counsel fees will be found only if this court determines that the trial court could not reasonably have concluded as it did." (Internal quotation marks omitted.) *Clement* v. *Clement*, 34 Conn. App. 641, 649, 643 A.2d 874 (1994).

The plaintiff claims that the trial court abused its discretion in awarding only $3500 in counsel fees to the plaintiff because the trial court failed to make an express finding that it considered all of the statutory criteria of § 46b-82 in making its award and because

the trial court failed to apply the statutory criteria to the facts of the case. The plaintiff claims that the evidence before the trial court showed a great disparity in the parties' income and assets and that it supported a higher award.[6] The plaintiff's claims, however, are without merit.

We have held that "[i]n ordering either spouse to pay counsel fees, the court must consider the respective liabilities of each and the statutory criteria for awarding alimony. *Weiman* v. *Weiman*, 188 Conn. 232, 236, 449 A.2d 151 (1982). The court is not obligated, however, to make express findings on each of these statutory criteria. Id., 234." (Internal quotation marks omitted.) *Clement* v. *Clement*, supra, 34 Conn. App. 649; see also *Bornemann* v. *Bornemann*, supra, 245 Conn. 542.

The trial court, in its memorandum of decision, stated that it was "taking into account the statutory criteria provided by law for consideration in allocating alimony and/or property disposition orders" in making its findings and conclusions of law. The factors considered in allocating alimony are the same as those considered for awarding counsel fees. The plaintiff's assertion that the trial court failed to apply the statutory criteria is simply not supported by the record. The trial court is not obligated to mention specifically the statutory criteria considered in making its award and its failure to do so was not improper. We cannot conclude that the trial court abused its discretion in awarding the plaintiff counsel fees in the amount of $3500.

The case is remanded for a hearing pursuant to General Statutes § 52-362 (b) to determine whether an

---

[6] The plaintiff submitted two financial affidavits to the trial court. The first was a financial affidavit of the plaintiff listing an outstanding balance of $9062.78 in attorney's fees as of February 1, 1996. The plaintiff claims that this amount represented fees incurred for services performed prior to trial. After the trial concluded, the plaintiff's counsel submitted an affidavit that listed an outstanding balance of $23,576.28, representing the amount incurred for services performed through trial.

immediate or a contingent wage withholding order should issue. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.