■ JEAN M. KUSHMAN, Respondent, v KENNETH S. KUSHMAN, Appellant. [746 NYS2d 319]

Contrary to the defendant's contention, the Supreme Court properly concluded that he dissipated marital assets. The defendant liquidated his 401K account and another pension account, and the evidence supports the Supreme Court's conclusion that the money was used for personal and business expenses and not to reduce marital debt (*see Isaacs v Isaacs,* 246 AD2d 428). However, the Supreme Court erred in valuing those assets, for equitable distribution purposes, as of the date of the defendant's projected retirement by applying a 10% interest rate to the value of the funds from the time they were liquidated until the defendant reaches the age of 59½. The valuation date of a marital asset may be set "anytime from the date of commencement of the action to the date of trial" (Domestic Relations Law § 236 [B] [4] [b]). Thus, the date of the defendant's projected retirement, an event which would occur well after the trial, was not a proper valuation date. Further, there is no basis in law (*see* CPLR 5004; *Kaufman v Kaufman,* 207 AD2d 528) for the application of a 10% rate of interest. Consequently, the matter is remitted to the Supreme Court, Suffolk County, for a new valuation of the 401K and the pension account and a recalculation of the parties' distributive awards. While ordinarily we would modify the judgment by deleting that provision which incorrectly valued the assets, we note that the judgment in this case failed to include a provision regarding the distribution of the parties' assets.

The Supreme Court providently exercised its discretion in awarding the plaintiff maintenance in the sum of $400 per week until she reaches the age of 62, retires, or remarries. The defendant does not challenge the duration of the maintenance, but contends that the amount is excessive. Contrary to the defendant's contention, the record supports the Supreme Court's finding that his annual income is $77,000. Under the circumstances where, among other things, the defendant's income is more than three times that of the plaintiff, the amount of maintenance is not excessive (*see Weiss v Weiss,* 213 AD2d 542).

While the Supreme Court properly directed the defendant to

maintain existing life insurance policies and to designate the plaintiff as irrevocable beneficiary to secure his obligation to pay maintenance (*see Feldman v Feldman,* 194 AD2d 207, 219), its direction that he maintain employee life insurance policies in the sum of $50,000 and a CNA policy in the sum of $200,000 is based on an erroneous finding as to the existing benefits of those policies. The testimony at trial was that the employee policies have a total death benefit of $25,000 and the CNA policy has a death benefit of $100,000. Consequently, the judgment should be modified to reflect the correct policy benefits which, together with another existing policy with benefits of $100,000, will be sufficient to secure the defendant's obligation to pay maintenance. The Supreme Court also erred in failing to limit the defendant's obligation to maintain the policies to the duration of the maintenance payments (*see* Domestic Relations Law § 236 [B] [8]).

The defendant's remaining contentions are without merit. Altman, J.P., Krausman, Schmidt and Crane, JJ., concur.