JUDY MICHAELIS *v.* LAWRENCE MICHAELIS
(AC 23450)

Lavery, C. J., and Bishop and Peters, Js.

Argued December 2, 2003—officially released February 24, 2004

*Elaine Rubinson,* for the appellant (defendant).

*Daniel J. Krisch,* with whom were *Christopher Mattei,* legal intern, and, on the brief, *Wesley W. Horton* and *Elizabeth Eisenmann,* legal intern, for the appellee (plaintiff).

PER CURIAM. The defendant, Lawrence Michaelis, appeals from the judgment of the trial court dissolving his marriage to the plaintiff, Judy Michaelis. The defendant claims that he was prejudiced by the court's financial orders in that the court failed to value certain financial assets of the parties adequately. We affirm the judgment of the trial court.

The record discloses the following facts and procedural history. In a memorandum of decision filed August 20, 2002, the court rendered judgment dissolving the parties' fourteen year marriage and entered orders regarding the division of the parties' real and personal property, periodic alimony for the plaintiff, and the custody, care and maintenance of the parties' two minor children. In fashioning the orders, the court, inter alia, ascribed an earning capacity to the plaintiff of at least $45,000 per year, attributed a net income to the defendant of $100,000 per year, found that a certain account held approximately $1000, and stated that the plaintiff had "deposited the proceeds from the sale of her sole real property owned at the time of the marriage, amounting to approximately $59,000, to a mutual fund, a substantial portion of which was subsequently used for a down payment" on the parties' Westport home.

On appeal, the defendant claims that the court incorrectly determined that (1) the plaintiff had a gross annual earning capacity of $45,000, (2) he had gross annual earnings of approximately $208,000 and net earnings of $100,000, (3) the plaintiff had $1000 rather than $2000 in a particular financial account, and (4) the plaintiff had received $60,000 rather than $52,000 from the sale of real property she had owned and sold prior to the parties' purchase of the marital home.

The defendant's claims implicate two standards of review. To the extent the defendant assails the court's

factual findings, our function is to determine whether the court's findings were clearly erroneous. E.g., *Parley* v. *Parley*, 72 Conn. App. 742, 750, 807 A.2d 982 (2002). Additionally, to the extent that the defendant claims that the court's orders flowing from its findings were improper, we review those orders to determine whether the court abused its discretion. E.g., id., 752.

On the basis of our review of the record, we find no support for the defendant's claim that the court's factual findings were incorrect. In each instance, the record reveals an evidentiary basis from which the court could have correctly made its factual determinations. Similarly, the court's comprehensive and well reasoned memorandum of decision reflects that the court properly and adequately considered all relevant criteria in fashioning its orders. We conclude that the court's orders did not constitute an abuse of discretion. The defendant's claims must therefore fail.

The judgment is affirmed.