No. 3--06--0940

_____

Filed January 3, 2008

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2008

| | | |
|---|---|---|
| In re MARRIAGE OF SANDRA ELLINGER, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Petitioner-Appellee, | ) ) | |
| and | ) ) | No. 03--D--1190 |
| GARY ELLINGER, | ) ) | Honorable Bobbi N. Petrungaro, |
| Respondent-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE CARTER delivered the opinion of the court:
_____

Sandra Ellinger petitioned the trial court to dissolve her marriage with the respondent, Gary Ellinger. In the court's judgment granting the dissolution, it ordered Gary, among other things, (1) to pay maintenance to Sandra; and (2) to maintain a certain life insurance policy, with Sandra as sole beneficiary, so long as Gary was statutorily obligated to pay maintenance. On appeal, Gary argues that the trial court erred in its order concerning the life insurance policy. We reverse and remand.

BACKGROUND

The court issued its written dissolution judgment on March 10, 2006. The judgment consisted of 9 enumerated paragraphs of findings (numbered 1 to 9), and 21 enumerated paragraphs of orders (numbered 1 to 21). We will refer to these

two kinds of enumerated paragraphs as "finding paragraphs" and "order paragraphs," respectively.

In order paragraph 15, the court required Gary to pay Sandra monthly maintenance. In this paragraph, the court also stated that the "maintenance shall terminate on the first to occur of a statutory termination event."

Finding paragraph 8 listed a Thrivent life insurance policy among Gary's nonmarital assets. Gary had purchased the life insurance policy in 1962. The couple was married in 1985. In the court's oral pronouncement of its decision, it found that during the marriage the premiums for the life insurance policy were paid from marital assets. In order paragraph 8, the court required Gary to "maintain [Sandra] as the sole beneficiary of the Thrivent life insurance policy, free of loans, liens and encumbrances, so long as he shall have an obligation to pay maintenance to [Sandra]."

Gary filed a motion to reconsider the judgment in which he argued, among other things, that the court erred by requiring him to maintain Sandra as the sole beneficiary of the life insurance policy, while he was obligated to pay maintenance to her. In its ruling on Gary's motion, the court stated that it had ordered Gary to designate Sandra as the beneficiary of the life insurance policy as security for Gary's maintenance obligation. The court cited In re Marriage of Vernon, 253 Ill. App. 3d 783, 625 N.E.2d 823 (1993), as precedential authority, and several cases from other jurisdictions (Parley v. Parley, 72 Conn. App. 742, 807

2

A.2d 982 (2002) (Connecticut); Kushman v. Kushman, 297 A.D.2d 333, 746 N.Y.S.2d 319 (2002) (New York); In re Marriage of Sim, 939 P.2d 504 (1997) (Colorado); and Sheridan v. Sheridan, No. CX--94--520 (Minn. App. 1994) (an unpublished Minnesota case)), as persuasive authority for its decision.  The court also said that the use of life insurance to secure maintenance payments was analogous to the use of life insurance to secure child support payments.  The court denied Gary's motion to reconsider, and Gary appealed.

ANALYSIS

Gary contends that the trial court erred by requiring him to designate Sandra as the beneficiary of the life insurance policy as security for his maintenance obligation.

The issue in this case concerns the statutory construction of provisions in the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/101 et seq. (2006)).  The primary rule of statutory construction is to discern the intent of the legislature.  Ultsch v. Illinois Municipal Retirement Fund, 226 Ill. 2d 169, 874 N.E.2d 1 (2007).  The best evidence of the legislature's intent is the statutory language itself, which must be given its plain and ordinary meaning.  Ultsch, 226 Ill. 2d 169, 874 N.E.2d 1.

It is well established that when the legislature used certain language in one part of an act, and different language in another portion of the act, the legislature intended different results.  Collins v. Board of Trustees of the Firemen's Annuity &

3

Benefit Fund, 155 Ill. 2d 103, 610 N.E.2d 1250 (1993). Additionally, when the legislature deleted certain language from previous legislation, it is presumed that the legislature intended to change the law. Forest City Erectors v. Industrial Commission, 264 Ill. App. 3d 436, 636 N.E.2d 969 (1994). Our construction of statutory provisions involves a question of law, which we review de novo. In re Marriage of Thomsen, 371 Ill. App. 3d 236, 872 N.E.2d 1 (2007).

Section 504 of the Act authorizes a trial court to order one spouse to pay the other spouse maintenance. 750 ILCS 5/504 (2006). Neither section 504, nor any other section of the Act, states that the court may order the spouse paying maintenance to designate the spouse receiving maintenance as the beneficiary of a life insurance policy as security for the maintenance payments. See 750 ILCS 5/101 et seq. (2006).

The trial court, in this case, said that the use of life insurance to secure maintenance payments was analogous to the use of life insurance to secure child support payments. We observe that the language in the Act regarding child support is different from the Act's language regarding maintenance. Section 510(c) of the Act states that, with exceptions not applicable to this case, "the obligation to pay future maintenance is terminated upon the death of either party." 750 ILCS 5/510(c) (2006). However, section 510(d) says that "provisions for the support of a child are" not terminated "by the death of a parent obligated to support *** the child." 750 ILCS 5/510(d) (2006).

4

Section 510(d) further provides that "[w]hen a parent obligated to pay support *** dies, the amount of support *** may be enforced, modified, revoked or commuted to a lump sum payment, as equity may require, and that determination may be provided for at the time of the dissolution of the marriage." 750 ILCS 5/510(d) (2006). The Act does not contain an analogous provision concerning a spouse's maintenance obligation regarding this latter provision in section 510(d).

Additionally, section 503(g) of the Act states that "[t]he court if necessary to protect and promote the best interests of the children may set aside a portion of the jointly or separately held estates of the parties in a separate fund or trust for the support *** of any *** child of the parties." 750 ILCS 5/503(g) (2006). The Act does not contain a provision analogous to section 503(g) regarding a spouse's maintenance obligation.

In the present case, we note that the language in the Act concerning a spouse's obligation to pay maintenance after the obligor's death is different from the language in the Act concerning a parent's obligation to pay child support after the obligor's death. Also, the Act contains language regarding the court's discretion to designate assets as security for child support obligations, whereas the Act does not contain language giving the court discretion to designate assets as security for maintenance obligations. We must presume that the legislature intended different results by the different language in the Act concerning child support compared with its language regarding

5

maintenance.  See Collins, 155 Ill. 2d 103, 610 N.E.2d 1250.

Thus, we rule that the trial court erred as a matter of law by

stating that the use of life insurance to secure maintenance

payments was analogous to the use of life insurance to secure

child support payments.

Furthermore, as the court observed in In re Marriage of

Clarke, 125 Ill. App. 3d 432, 465 N.E.2d 975 (1984), when the Act

was enacted, it replaced earlier legislation that gave a trial

court discretion to designate life insurance as security for

maintenance obligations.  The omission of such a provision in the

Act showed the intent of the legislature to change the law in

this regard.  See Forest City Erectors, 264 Ill. App. 3d 436, 636

N.E.2d 969.  For this additional reason, we hold that the trial

court erred as a matter of law by stating that it had discretion

to require Gary to maintain a life insurance policy as security

for his maintenance obligation.

The trial court in this case based its decision, in part, on

the ruling in Vernon, 253 Ill. App. 3d 783, 625 N.E.2d 823.  In

Vernon, the court stated that it declined to address the

application of the holding of Clarke because the parties had not

raised Clarke in its briefs.  Curiously, the Vernon court,

nonetheless, discussed why it disagreed with the ruling in

Clarke.  Because the Vernon court's rejection of Clarke was

obiter dicta, we find Vernon to be inapplicable to the present

case.  Moreover, unlike the parties in Vernon, in this case, Gary

argued the applicability of Clarke in his brief.  Thus, the

6

holding of <u>Vernon</u> is factually distinguishable from the present case.

The trial court in this case also based its ruling, in part, on the persuasive authority of cases from other jurisdictions. We observe that the cases from other jurisdictions also are factually distinguishable from the instant case. These cases concerned jurisdictions in which trial courts have statutory authority to require life insurance as security for maintenance obligations, whereas no such provisions exist in Illinois law, as we discussed above. See <u>Parley</u>, 72 Conn. App. 742, 807 A.2d 982; <u>Kushman</u>, 297 A.D.2d 333, 746 N.Y.S.2d 319; <u>Sim</u>, 939 P.2d 504; <u>Sheridan</u>, No. CX--94--520. Therefore, the cases from other jurisdictions are inapplicable to the present case as persuasive authority.

In summary, we rule that the trial court erred as a matter of law by requiring Gary to maintain the Thrivent life insurance policy, with Sandra as sole beneficiary, so long as Gary was statutorily obligated to pay maintenance. Thus, we reverse and remand the cause for further proceedings.

We note that in its dissolution judgment, a trial court is to consider maintenance, insurance, assets, debts, and other factors, not in isolation, but rather, equitably and as a whole. See 750 ILCS 5/503 (West 2006); <u>In re Marriage of Leopando</u>, 96 Ill. 2d 114, 449 N.E.2d 137 (1983). Because our ruling may have disturbed the trial court's original equitable calculation, on remand the court may reconsider the distribution of those factors

7

that may affect the financial future of the parties.  See Leopando, 96 Ill. 2d 114, 449 N.E.2d 137.

CONCLUSION

For the foregoing reasons, we reverse that portion of the Will County circuit court's dissolution judgment requiring Gary to maintain the Thrivent life insurance policy, with Sandra as sole beneficiary, and remand the cause for further proceedings.

Reversed and remanded.

MCDADE, P.J. and HOLDRIDGE, J. concurring.