DONNA M. MCCARTHY *v.* VINCENT P. MCCARTHY
(AC 18932)

Lavery, Schaller and Hennessy, Js.

Submitted on briefs June 9—officially released October 19, 1999

*Kevin J. Hecht* filed a brief for the appellant (plaintiff).

*Ann-Louise Lohr* filed a brief for the appellee (defendant).

*Opinion*

SCHALLER, J. The plaintiff in this action for the dissolution of a marriage appeals from the judgment of the trial court vacating its order granting appellate counsel fees to the plaintiff. The dispositive issue is whether the trial court improperly vacated its order on the ground that an earlier decision on a similar motion was the law of the case. We reverse the judgment of the trial court.

The following facts and procedural history are necessary for a proper resolution of this appeal. The parties' marriage was dissolved on September 11, 1995.[1] On October 17, 1995, the plaintiff, Donna M. McCarthy, acting pro se, filed a motion for appellate counsel fees. She claimed that she could not afford counsel and, without representation, would be at a disadvantage to the defendant, Vincent P. McCarthy, who was a practicing attorney. The plaintiff certified service to the defendant, who represented himself in the action. The trial court, *Driscoll, J.,* which had rendered the judgment of dissolution, denied the motion on October 18, 1995. The record does not reflect whether the court conducted a hearing on October 17 or 18, 1995.[2] The plaintiff subsequently retained counsel and, nearly nine months later on July 8, 1996, through counsel, filed another motion for appellate counsel fees. In the meantime, the appeal from the judgment of dissolution remained pending in this court. The plaintiff alleged in the second motion that she was without funds to defend the appeal. The defendant filed a brief in opposition and argued that General Statutes § 46b-62 required the court to hold a hearing before awarding fees.[3] The court, *Kocay, J.,*

[1] The defendant appealed, and we affirmed the judgment in a per curiam decision on April 22, 1997. See *McCarthy* v. *McCarthy,* 44 Conn. App. 930, 692 A.2d 869, cert. denied, 241 Conn. 916, 696 A.2d 986 (1997).

[2] General Statutes § 46b-62 requires a hearing on motions for counsel fees. *Castro* v. *Castro,* 31 Conn. App. 761, 770–71, 627 A.2d 452 (1993); see footnote 3. In her brief to the court, *Kocay, J.,* dated February 25, 1997, the plaintiff stated: "At the time of Judge Driscoll's order, the plaintiff was not represented by counsel. Upon information and belief, Judge Driscoll did not afford the parties a full hearing on the issue, but rather heard some argument."

[3] General Statutes § 46b-62 provides in relevant part: "In any proceeding seeking relief under the provisions of this chapter . . . the court may order either spouse . . . to pay the reasonable attorney's fees of the other in accordance with their respective financial abilities and the criteria set forth in section 46b-82. . . ."

General Statutes § 46b-82 provides in relevant part: "In determining . . . the duration and amount of the award, *the court shall hear witnesses,* if any, of each party . . . ." (Emphasis added.)

then held a hearing on the plaintiff's motion on July 29, 1996. Neither party informed the court that the plaintiff previously had filed a similar motion and that it had been denied. At no point during the hearing did the defendant claim that he did not have notice of the plaintiff's earlier motion or of Judge Driscoll's decision on the motion.

Both parties appeared at the hearing, the plaintiff with counsel and the defendant pro se. The court heard evidence and, on September 16, 1996, filed a memorandum of decision ordering the defendant to pay counsel fees in the amount of $1800 to the plaintiff within six months. The court, having considered "all the elements and criteria set forth in General Statutes § 46b-82, the respective financial affidavits of the parties, the fact that there is a bankruptcy proceeding for the plaintiff, the arguments of counsel and all relevant facts brought to the court's attention," found that "the financial position reflected in the parties' financial affidavits discloses the ability of the defendant to contribute to the expenses of the appeal."

On September 20, 1996, the defendant filed a motion to reconsider the decision. The defendant alleged the discovery of financial information that contradicted the plaintiff's assertions about her ability to defend the appeal. The plaintiff filed a motion opposing reconsideration. On January 31, 1997, the trial court held a hearing on the motion at which both parties testified. At no point did the defendant inform the court about the earlier motion or raise its denial as a ground for reconsideration. The plaintiff did not refer to the earlier motion. On May 30, 1997, the trial court issued its memorandum of decision on the motion for rehearing. The trial court found, "after consideration of all the elements of § 46b-82 and comparison of the affidavits and arguments of counsel," that it was "not persuaded that the sum of $1800 is unreasonable in light of the total

financial positions of the parties." The trial court modified its decision, however, to give the defendant until December 31, 1997, to pay the $1800.

After a January 31, 1997 hearing on another motion to reargue, the defendant filed a supplemental memorandum on February 21, 1997, informing the court of the prior decision by Judge Driscoll.[4]

Judge Kocay's May 30, 1997 memorandum of decision was silent on the issue of the prior motion. On June 17, 1997, the defendant filed another motion for rehearing and reconsideration of the decision of May 30, 1997. In this motion, the defendant again raised the matter of the earlier decision by Judge Driscoll. The plaintiff filed an objection and argued that the defendant had waived the right to raise this issue by reason of his failure to raise it earlier before Judge Kocay and due to his failure to amend his appeal to include the issue.

On July 30, 1997, the defendant served on the plaintiff another motion for reconsideration of the May 30, 1997 decision. Neither the June nor the July, 1997 motion was heard or decided by the trial court. The defendant subsequently filed still another motion for rehearing, stating that "[t]he defendant, upon the request of Judge Kocay . . . hereby respectfully moves for a rehearing of his Motion for Reconsideration and to Vacate dated July 30, 1997."[5] The plaintiff filed an objection. Judge Kocay heard the motion and objection on April 15, 1998,

---

[4] In that memorandum, the defendant asserted: "In reviewing the court's file, [the] defendant realized that [the] plaintiff previously made a motion for counsel fees on appeal in this matter, which was denied by Judge Driscoll on October 14, 1995."

[5] On July 30, 1997, the defendant wrote Judge Driscoll, indicating that "Judge Kocay . . . has asked his clerk to ask me to obtain a response from you to the following question regarding the above matter: Did you in fact deny a motion for counsel fees on appeal made by the plaintiff in this matter on October 14, 1995, and was it your intention to deny that motion for counsel fees?"

nearly one year after our decision affirming the judgment of dissolution and approximately eleven months after its decision on the defendant's previous motion for rehearing. At the hearing, the court stated that it had been unaware of Judge Driscoll's decision on the prior motion when it initially had heard and decided the plaintiff's July, 1996 motion for counsel fees. The court requested briefs from the parties and, on August 21, 1998, filed a memorandum of decision vacating its earlier order granting counsel fees. The court reasoned that it had not been aware of Judge Driscoll's 1995 decision[6] and that, although it had held an evidentiary hearing on the matter of appellate counsel fees some eleven months after Judge Driscoll's decision, Judge Driscoll's ruling should be adhered to as the law of the case because she had heard the dissolution case.[7]

The trial court noted that the plaintiff had failed to apprise the court of the prior denial of a motion for appellate counsel fees but acknowledged that the present motion was a new motion. The basis for Judge Kocay's August 21, 1998 decision, however, was that "pleadings intended to raise a question of law on a matter which has already been presented on the record

---

[6] The plaintiff's attorney made the following argument before Judge Kocay on April 15, 1998: "Quite simply, on October 14, 1995, when Judge Driscoll heard this matter, there were other motions on the calendar that day. [The plaintiff] was unrepresented. She appeared pro se and apparently the motion was denied. . . . [The defendant], being a practicing attorney, was present in the court at that time. Subsequently, there were hearings before Your Honor on two occasions. He did not either bring that to the court's attention or make himself aware of that situation." That representation was not disputed by counsel for the defendant. We note that, in his brief, the defendant argues that "[w]hen the second motion was filed, defendant-appellee *did not realize* that Judge Driscoll had previously ruled on the same motion *and did not discover the fact* until *after* Judge Kocay had ruled on the 'new' motion." (Emphasis added.)

[7] In its memorandum of decision dated August 21, 1998, the trial court revealed that its hearings were held at the courthouse in Bantam while the court file remained in Waterbury.

and determined adversely to the pleader are not to be favored. . . . A judge should hesitate to change his own ruling in a case and be even more reluctant to overrule those of another. . . . Judge Driscoll had previously heard the entire case . . . [and] was much more familiar with all the financial circumstances of the parties, having rendered judgment in the case-in-chief. Her decision on the file must be considered the law of the case." The court then noted that it "affirms the decision of Judge Driscoll denying counsel fees as the law of the case."

"The law of the case is not written in stone but is a flexible principle of many facets adaptable to the exigencies of the different situations in which it may be invoked. See 18 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 4478. *Rosenblit* v. *Danaher*, 206 Conn. 125, 132, 537 A.2d 145 (1988). Our Supreme Court has recognized that the law of the case doctrine is not one of unbending rigor . . . . A judge is not bound to follow the decisions of another judge made at an earlier stage of the proceedings, and if the same point is again raised he has the same right to reconsider the question as if he had himself made the original decision. *Santoro* v. *Kleinberger*, 115 Conn. 631, 638, 163 A. 107 (1932). . . . *Rosenblit* v. *Danaher*, supra, 132–33; see also *State* v. *Mariano*, 152 Conn. 85, 91, 203 A.2d 305 (1964), cert. denied, 380 U.S. 943, 85 S. Ct. 1025, 13 L. Ed. 2d 962 (1965). In essence [the law of the case] expresses the practice of judges generally to refuse to reopen what has been decided and is not a limitation on their power. *Messenger* v. *Anderson*, 225 U.S. 436, 444, 32 S. Ct. 739, 56 L. Ed. 1152 (1912). *S.M.S. Textile Mills, Inc.* v. *Brown, Jacobson, Tillinghast, Lahan & King, P.C.*, 32 Conn. App. 786, 798, 631 A.2d 340, cert. denied, 228 Conn. 903, 634 A.2d 296 (1993). Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case

*may* treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance. *State* v. *Hoffler,* 174 Conn. 452, 462–63, 389 A.2d 1257 (1978); *State* v. *Mariano,* [supra, 91–92]. . . . *Breen* v. *Phelps,* 186 Conn. 86, 99, 439 A.2d 1066 (1982)." (Emphasis in original; internal quotation marks omitted.) *Stevens* v. *Hartford Accident & Indemnity Co.,* 39 Conn. App. 429, 437–38, 664 A.2d 826 (1995). "Because the law of the case does not limit a trial court's powers, we review the trial court's decision to change a prior decision as we would any other ruling." *State* v. *Arena,* 235 Conn. 67, 80, 663 A.2d 972 (1995).

We are not persuaded that the doctrine of the law of the case was properly invoked by the trial court in this case. No statute, rule of practice or appellate decision precludes a party from filing more than one motion for appellate counsel fees. In the present case, the first motion for counsel fees was filed pro se by the plaintiff less than one month after the appeal had been taken by the defendant. The second motion for counsel fees was filed by the plaintiff's counsel approximately nine months after the denial of the first motion. At that point, the appeal had progressed and the plaintiff had retained counsel. Judge Kocay properly held an evidentiary hearing before awarding counsel fees. While it would have been appropriate for the plaintiff to advise the court of Judge Driscoll's prior decision, it is clear that the defendant, an attorney, also failed to notify the court, which did not have the court file in its possession at any point during the proceedings. The issue of appellate counsel fees was not an issue requiring a legal ruling but rather a motion for the trial court's exercise of discretion. *Cordone* v. *Cordone,* 51 Conn. App. 530, 537, 752 A.2d 1082 (1999). The doctrine of the law of the case did not apply under these circumstances. See 18 C. Wright, A. Miller & E. Cooper, Federal Practice and

Procedure (1981) § 4478, p. 794 ("wide degree of freedom is often appropriate when the same question is presented to different judges of a single district court").

Our Supreme Court in *Breen* v. *Phelps*, supra, 186 Conn. 99, held that "[n]ew pleadings intended to raise again a *question of law* which has been already presented on the record and determined adversely to the pleader are not to be favored. . . . Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance." (Citation omitted; emphasis added; internal quotation marks omitted.) As in *Breen*, the plaintiff's motion in this case did not raise a question of law that already had been presented on the record. There was no basis for the court to vacate its well reasoned decision, which was based on an evidentiary hearing, especially because the court's findings indicate that the parties' circumstances had changed significantly during the course of the defendant's appeal. See *Mac's Car City, Inc.* v. *American National Bank*, 205 Conn. 255, 258, 532 A.2d 1302 (1987) (trial court did not improperly grant renewed motion for summary judgment where original motion denied by different judge because it did not contain sufficient supporting facts). The court improperly invoked the doctrine of law of the case in vacating its earlier award of counsel fees.

The plaintiff, as an alternate argument, appears to claim that the defendant's motions for reargument were untimely and, therefore, improperly considered. Because the first claim is dispositive of this appeal, we need not address the plaintiffs procedural claim.[8]

---

[8] While we do not believe that either party acted improperly, we do feel that the excessive number of motions filed in this matter has led to a delay in a final resolution of this conflict.

The defendant claims that the plaintiff should not prevail because she appeared before Judge Kocay with unclean hands. We are not persuaded and find the defendant's claim without merit.

Our Supreme Court has stated: "[F]or a complainant to show that he is entitled to the benefit of equity he must establish that he comes into court with 'clean hands.' . . . The clean hands doctrine is applied not for the protection of the parties but for the protection of the court. . . . It is applied not by way of punishment but on considerations that make for the advancement of right and justice." (Citations omitted.) *Pappas* v. *Pappas*, 164 Conn. 242, 246, 320 A.2d 809 (1973). The defendant claims that the plaintiff, by filing her second motion for appellate counsel fees, was engaged in "wrongful conduct." On the basis of our review of the record, we can find no evidence of "wrongful conduct" on the part of the plaintiff. As we stated previously, no statute or rule of practice prohibits a party from filing more than one timely motion for counsel fees and given the ongoing appeal in this situation, it was appropriate to do so.

The defendant argues that the "[a]ppellant willfully withheld the information [regarding the previous ruling] when filing the second motion . . . ." The court's August 21, 1998 memorandum of decision, however, makes *no reference* to any such alleged misconduct on the part of the plaintiff. This is a factual issue, and we will not introduce facts not found by the trial court into the case at this stage of the proceedings as the defendant would have us do. We conclude that there is no merit to the defendant's claim that the plaintiff's appeal is tainted, and therefore barred by a lack of clean hands. Judge Kocay properly considered and decided the matter of appellate counsel fees in its September 16, 1996 order and exceeded its discretion when

it vacated that order on the basis of the law of the case doctrine, which is inapplicable to this situation.

The judgment vacating the May 30, 1997 order granting the plaintiff's motion for appellate counsel fees is reversed and the case is remanded with direction to reinstate its order granting the plaintiff $1800 in appellate counsel fees.

In this opinion the other judges concurred.