[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 132)
In her substitute complaint, the plaintiff alleges the following facts. The plaintiff, Darcy Yuille, a registered nurse worked for the defendant, Bridgeport Hospital. The defendant was subject to the provisions of the Workers' Compensation Act. The plaintiff sustained CT Page 14264 work-related injuries, applied for workers' compensation benefits, and was later terminated by the defendant because she filed for benefits. The plaintiff also alleges that the defendant intentionally interfered with her right to receive workers compensation benefits.
The following procedural history is relevant to the motion to strike now pending before this court. The plaintiff commenced her action with a three-count complaint dated December 10, 1998, alleging causes of action for wrongful discharge (first count), bad faith (second count) and a violation of CUTPA (third count) On January 5, 1999, the defendant filed a motion to strike the second and third counts. On May 11, 1999, the court, Nadeau, J., denied the motion as to the second count, but struck the third count. On December 13, 1999, the plaintiff filed an amended complaint, adding three new counts, count four (negligence), count five (breach of contract) and count six (CUTPA). The defendant filed a motion to strike these counts, and on May 9, 2000, the court, Melville, J., granted the motion to strike because the plaintiff based each count on her allegation that the defendant was in the separate business of insurance. On May 16, 2000, the plaintiff filed a substitute complaint. The first count (wrongful discharge) and second count (bad faith) remain the same. In the fourth count, the plaintiff now alleges that the defendant negligently interfered with the rights she has as a third party beneficiary to the contract between the defendant and its workers' compensation claims administrator, Risk Management Planning Group, Inc. (RMPG) In the sixth count, the plaintiff alleges that the defendant intentionally interfered with her third party beneficiary rights. In the seventh count, the plaintiff alleges that the defendant's tortious interferance [interference] with her contractual rights constitutes a violation of CUTPA.
The defendant now moves to strike the second, forth, sixth and seventh counts of the plaintiff's substitute complaint.
A motion to strike challenges the legal sufficiency of a pleading and, consequently, requires no factual findings by the trial court. Lombardv. Edward J. Peters, Jr., P.C., 252 Conn. 623, 626, 749 A.2d 630 (2000). The court must take the facts to be those alleged in the complaint and construe the complaint in the manner most favorable to sustaining its legal sufficiency. Id. Thus, if facts provable in the complaint would support a cause of action, the motion to strike must be denied. Id. Moreover, what is necessarily implied in an allegation need not be expressly alleged.
 A Second Count CT Page 14265
In the second count of the substitute complaint the plaintiff alleges bad faith on the part of the defendant in the handling and administration of her workers' compensation claim. Count two was the subject of the defendant's first motion to strike, heard by Judge Nadeau. In its decision, the court decided that allegations of bad faith are outside the purview of the Workers' Compensation Act, and hence, the exclusivity provision, found at General Statutes § 31-284 (a), does not apply to bar a claim of intentional misconduct.
According to the doctrine of the law of the case, "[w]here a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance." (Emphasis in original; internal quotation marks omitted.) McCarthy v. McCarthy, 55 Conn. App. 326,332-33, 752 A.2d 1093 (1999), cert. denied, 252 Conn. 923, 752 A.2d 1081
(2000).
The defendant argues that the court should reconsider its prior ruling on the second count, and consider those cases that stand for the proposition that causes of action based on bad faith are barred by the exclusivity principle. This court does not believe the court's prior decision was incorrect, nor has the defendant presented any overriding circumstances that would compel this court to reassess that decision. Accordingly, the court hereby denies the defendant's motion to strike the second count.
 B Fourth Count
In the fourth count of the substitute complaint the plaintiff alleges that the defendant negligently interfered with her rights as a third party beneficiary to the contract between the defendant and RMPG. The defendant argues that the fourth count should be stricken because causes of action based on negligence are barred by the exclusivity provision of the Workers' Compensation Act, General Statutes § 31-284 (a).[1] In response, the plaintiff argues that she is alleging tortious conduct, which is not covered by the act.
Section 31-284 (a), the exclusivity provision in the act, manifests a legislative policy decision that a limitation on remedies under tort law is an appropriate trade-off for the benefits provided by workers' compensation. That trade-off is part and parcel of the remedial purpose of the act in its entirety. Driscoll v. General Nutrition Corp., CT Page 14266252 Conn. 215, 220-21, 752 A.2d 1069 (2000). Accordingly, our case law on workers' compensation exclusivity reflects the proposition that these statutes comprise an employee's right to a common law tort action for work related injuries in return for a relatively quick and certain compensation. Id. The Connecticut Supreme Court has
 "consistently . . . interpreted the exclusivity provision of the act . . . as a total bar to common law actions brought by employees against employers for job related injuries with one narrow exception that exists when the employer has committed an intentional tort or where the employer has engaged in wilful or serious misconduct." Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 106, 639 A.2d 507 (1994).
Further, the Supreme Court has refused to extend the intentional tort exception to include injuries caused by the wilful, deliberate, intentional, reckless, culpable, or malicious negligence, breach of statute, or other misconduct of the employer short of genuine intentional injury. Quimby v. Kimberly Clark Corp., 28 Conn. App. 660, 666,613 A.2d 838 (1992). Thus, if the plaintiff is required to prove only that the defendant was negligent, she will not be proving the requisite intentional misconduct on the part of the defendant that would place her claim within the exception to the Workers' Compensation Act. Bariko v.Travelers Insurance Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 291652 (February 1, 1993, Ballen, J.) (8 C.S.C.R. 209).
Accordingly, the court is required to grant the defendant's motion to strike the fourth count.
 C Sixth Count
In the sixth count of the substitute complaint the plaintiff alleges that the defendant intentionally interfered with her rights as a third party beneficiary to the contract between the defendant and RMPG. The defendant argues that count six should be stricken because it is not materially different from the fourth count. In response, the plaintiff argues that count six alleges intentional conduct which is outside of the purview of the act.
The Supreme Court held that a plaintiff employee could establish an intentional tort claim and overcome the exclusivity bar of the Workers' Compensation Act. General Statutes § 31-275 et seq. Suarez v.CT Page 14267Dickmont Plastics Corp., 242 Conn. 255, 257, 698 A.2d 838 (1997). A claim for tortious interference with contractual relations requires the plaintiff to establish (1) the existence of a contractual or beneficial relationship, (2) the defendants' knowledge of that relationship, (3) the defendants intent to interfere with the relationship, (4) the interference was tortious, and (5) a loss suffered by the plaintiff that was caused by the defendants tortious conduct. Appleton v. Board ofEducation, 254 Conn. 205, 212-13, 757 A.2d 1059 (2000). Thus, as cause of action for tortious interference is an intentional tort claim which, if adequately plead is arguably not barred by the exclusivity provision of the Workers' Compensation Act. However, it is an essential element of the tort of unlawful interference with business relations that the plaintiff suffers an actual loss. Id., 213. The absence of any actual loss is fatal to the plaintiff's claim for tortious interference with contractual relations. Id., 214.
In the present case, the only loss that the plaintiff claims to have incurred are losses that are attributable to her claim of wrongful discharge. The actual loss suffered by a plaintiff alleging a cause of action for tortious interference with contractual relations must be loss resulting from the defendant's improper interference with her contract. Id., 213. In this case, that loss would be the plaintiff's loss of the workers' compensation benefits. The plaintiff expressly states in her brief, however, that she is not making a claim for such benefits. (See Pl. Memo. Opp. p. 3.) Therefore, because the plaintiff has failed to allege that she incurred an actual loss recognized under this cause of action, the court must grant the defendant's motion to strike the sixth count.
 D Seventh Count
The plaintiff alleges in the seventh count that the defendant's actions in intentionally interfering with her contract rights constitute a violation of the CUTPA. The court (Nadeau, J. and Melville, J.) has twice stricken the CUTPA claims asserted by the plaintiff for failure to state a claim. The plaintiff's present claim for violations of CUTPA must also fail. As the court, Nadeau, J., stated in its memorandum of decision striking the plaintiff's prior CUTPA claim, "the plaintiff has failed to allege that the defendant's acts occurred `in the conduct of any trade or commerce.'" The plaintiff has refashioned her CUTPA claim, to allege that it is based on the defendant's intentional interference with her contract rights. While a defendant's intentional interference with a contract can constitute a CUTPA violation; Sportmen's Boating Corp. v. Hensley,192 Conn. 747, 754-55, 474 A.2d 780 (1984), see also Ostrowski v. Avery, CT Page 14268243 Conn. 355, 379, 703 A.2d 117 (1997); in order to do so, the defendant's interference must occur in the conduct of a trade or business. Quimby v. Kimberly-Clark Corp., 28 Conn. App. 660, 670,613 A.2d 838 (1992). Accordingly, the defendant's motion to strike the seventh count is hereby granted.
Based on the foregoing, the court has denied the defendant's motion to strike the second count, and granted the motion to strike the fourth, sixth and seventh counts of the plaintiff's substitute complaint.
MELVILLE, J.