******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

MICHELLE LEVINE *v.* RANDALL HITE ET AL.
(AC 40626)

Alvord, Prescott and Eveleigh, Js.

*Syllabus*

The plaintiff sought to recover damages for personal injuries she suffered
when her automobile collided with a vehicle that was operated by the
defendant R and owned by the defendant T. Prior to trial, the trial court
denied the defendants' motion to compel the production of certain of
the plaintiff's medical payment records. The court determined that the
motion to compel was untimely in light of a scheduling order that a
previous trial court had entered more than one year before, which stated
that written discovery was done. The court also noted that the parties
were without a jury, as half of the jurors who previously had been
chosen had been excused from service on the jury. Thereafter, a different
trial court entered an order that included dates for jury selection and
trial, and precluded, inter alia, further continuances, motions and discov-
ery without prior permission from the court. The defendants then sought
reargument and reconsideration of the denial of their motion to compel,
claiming, inter alia, that because the matter had been rescheduled, there
was plenty of time to secure the plaintiff's medical records. The trial
court that denied the motion to compel denied the defendants' motion
for reargument and reconsideration, stating that the motion for reargu-
ment and reconsideration had been filed in violation of the court order
that required prior permission from the court to file additional pretrial
motions. When the parties appeared for jury selection, a different judge,
who had been assigned as the trial judge, granted the plaintiff's motion
for a continuance when her counsel requested a postponement for medi-
cal reasons and, sua sponte, permitted the defendants to continue with
discovery. The trial judge thereafter declined the plaintiff's motion for
reargument and reconsideration of his decision to allow the defendants
to engage in further discovery, which was based on the plaintiff's asser-
tion that the trial judge's ruling deprived her of her due process rights
to notice and an opportunity to be heard, and was contrary to the law
of the case doctrine. After a different trial court granted the defendants'
motion for an order of compliance to procure certain of the plaintiff's
medical records, the defendants filed a motion for a judgment of nonsuit
in which they claimed that the plaintiff had failed to comply with the
order of compliance. A different trial court denied the defendants'
motion for a judgment of nonsuit without prejudice and ordered the
plaintiff to produce the previously requested medical records. That court
then entered an order of nonsuit after the defendants again sought a
judgment of nonsuit on the ground that the plaintiff had failed to comply
with the courts' discovery orders. On appeal to this court, the plaintiff
claimed, inter alia, that her due process rights were violated when the
trial judge improperly reconsidered the trial court's ruling denying the
defendants' motion to reargue the denial of their motion to compel, and
allowed the defendants to engage in further discovery without affording
her a fair opportunity to respond. The plaintiff further claimed that her
failure to comply with the trial courts' discovery orders did not warrant
the rendering of a judgment of nonsuit against her. *Held*:

1. The trial judge did not violate the plaintiff's due process rights by reconsid-
ering, sua sponte, the defendant's prior request to obtain additional
discovery and permitting the defendants to engage in further discovery:
the trial judge did not abuse his discretion by permitting additional
discovery, as his ruling was a case management decision, he was aware
of the filings in the case and was willing to accommodate the plaintiff's
request to postpone trial when her counsel requested a continuance
for medical reasons, and, notwithstanding the plaintiff's claim that the
rulings of the prior trial court were the law of the case, the trial judge
emphasized that circumstances had changed since the prior ruling; more-
over, because the discovery issue was raised at a hearing that was
necessitated by the plaintiff's motion to continue the trial for an addi-
tional six to eight weeks, it was not surprising that the trial judge would

raise and decide other issues that were impacted by such a lengthy delay, the defendants' ongoing requests to obtain certain of the plaintiff's records, although previously determined to be untimely and made without prior permission of the court, could be seen as reasonable in light of the change in circumstances, the plaintiff made no request for a recess to review the file and prepare her arguments, there was no indication as to what the plaintiff would have argued if she had had advance notice and the opportunity to be heard on the defendants' request to engage in further discovery, and there was no evidence to support the plaintiff's assumption that the trial judge was unfamiliar with the prior rulings in the case and acted without knowledge of the contents of the file.

2. The trial court did not abuse its discretion in rendering judgment of nonsuit against the plaintiff for failing to comply with three previous orders of the court concerning discovery; the discovery orders of three different trial courts were reasonably clear, it was undisputed that the plaintiff failed to comply with those orders, and the court that rendered judgment properly considered all of the relevant factors in ordering the nonsuit, and given that the plaintiff chose not to comply with the orders of three trial courts, she did so at the risk of having her claims fail on appeal, and the trial judge's sua sponte decision to allow the defendants to engage in further discovery was reasonable and proper.

3. The trial court did not abuse its discretion when it ruled on the defendants' motion for a judgment of nonsuit prior to considering the plaintiff's motion for an order of sanctions against the defendants' counsel; the court's decision was one of case management, and the plaintiff cited no relevant authority that would have required the court to consider her motion first.

Argued January 15—officially released April 16, 2019

*Procedural History*

Action to recover damages for personal injuries sustained as a result of the defendants' alleged negligence, and for other relief, brought to the Superior Court in the judicial district of Hartford, where the court, *Shapiro, J.*, denied the defendants' motion to compel; thereafter, the court, *Sheridan, J.*, issued certain orders pertaining to trial; subsequently, the court, *Shapiro, J.*, denied the defendants' motion for reargument and reconsideration of its ruling denying the defendants' motion to compel; thereafter, the court, *Noble, J.*, granted the plaintiff's motion for a continuance, granted the defendants' motion for reargument and reconsideration of the denial of their motion to compel, and issued certain orders pertaining to discovery; subsequently, the court, *Noble, J.*, denied the plaintiff's motion for reargument and reconsideration of its orders pertaining to discovery; thereafter, the court, *Hon. Constance L. Epstein*, judge trial referee, granted the defendants' motion for an order of compliance; subsequently, the court, *Hon. A. Susan Peck*, judge trial referee, denied the defendants' motion for a judgment of nonsuit and issued certain orders pertaining to discovery; thereafter, the court, *Hon. A. Susan Peck*, judge trial referee, issued an order of nonsuit and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed.*

*Jennifer B. Levine*, with whom was *Harvey L. Levine*, for the appellant (plaintiff).

*William J. Melley III*, for the appellees (defendants).

*Opinion*

ALVORD, J. The plaintiff, Michelle Levine, appeals from the trial court's judgment of nonsuit rendered in favor of the defendants, Randall Hite and Tanya Hite, as a result of the plaintiff's failure to comply with three previous orders of the court regarding discovery. On appeal, the plaintiff claims that (1) the court, *Noble, J.*, improperly raised and considered a prior ruling of the court, *Shapiro, J.*, without affording her a fair opportunity to respond, (2) the plaintiff's failure to comply with discovery orders did not warrant the rendering of a judgment of nonsuit by the court, *Hon. A. Susan Peck*, judge trial referee, and (3) Judge Peck improperly declined to consider the plaintiff's motion for sanctions against the defendants' counsel prior to rendering the judgment of nonsuit. We affirm the judgment of the trial court.

A review of the following somewhat complicated procedural history is necessary to our resolution of the issues on appeal. In December, 2012, the plaintiff commenced a personal injury action against the defendants claiming that she was operating her vehicle on or about December 6, 2010, when it was struck by another vehicle operated by Randall Hite and owned by Tanya Hite. The matter was scheduled for trial with jury selection to commence on December 6, 2016. Because of scheduling issues raised by the plaintiff's counsel and the defendants' counsel, the parties discontinued jury selection after one day, and the court continued the trial to January 4, 2017.

Jury selection commenced on January 5, 2017. On January 6, 2017, the defendants filed a "Motion to Compel And/Or Preclude" (motion to compel) in response to a Blue Cross/Blue Shield printout, evidencing medical payments that the plaintiff had provided to the defendants on January 4, 2017. In the motion to compel, the defendants claimed that the plaintiff had failed to produce certain designated records. They requested that the court order her to produce those records at least twenty-four hours prior to the start of evidence or else be precluded from entering any evidence of her physical injuries at trial.

Jury selection was completed on January 11, 2017, and the trial was scheduled to commence on January 18, 2017. On January 12 and 13, 2017, Judge Shapiro heard arguments on the defendants' motion to compel and the defendants' objections to the plaintiff's proposed exhibits that were being premarked by counsel for trial. On January 18, 2017, Judge Shapiro informed the parties that four of the eight jurors selected had written letters to the court requesting that they be excused from serving on the jury. Judge Shapiro stated that the presiding judge had excused those jurors, which left the parties without a jury for trial. Because

the case could not proceed at that time, Judge Shapiro indicated that he would put on the record his rulings on the matters previously argued by counsel.

With respect to the defendants' motion to compel, Judge Shapiro concluded that the motion was "untimely" and denied the motion for the following reasons: "The return date in this matter was January 8, 2013. The plaintiff is proceeding on the original complaint dated November 20, 2012. The plaintiff's deposition was taken in January, 2015.

"On October 7, 2015, the court entered a scheduling order. Therein it was stated that written discovery was done and the—all depositions were to be completed by November 15, 2016.

"On that same date, October 7, 2015, which is obviously over a year ago, the court—not this court but a court officer—held a pretrial conference. It's undisputed that at that pretrial conference, as part of her written presentation, the plaintiff presented a printout of her medical expenses. See Plaintiff's Exhibit 1 to the January 12, 2017 hearing.

"That printout lists dates and services, types of services, and names of medical providers of the plaintiff beginning in December, 2010. The names of providers and dates of services were provided to the defendants, and the bulk of the dates of records they complain of not receiving were made known to them at that time.

"Had the defendants wanted more information or records, they could have taken steps to obtain them before jury selection began. For example, they could have asked the plaintiff to provide the additional records well in advance of the trial. They already had a medical authorization to obtain records and could have used it or asked for another from the plaintiff. The defendants could have sought to redepose the plaintiff. . . .

"Also, in their motion, the defendants provided no exhibits, such as the plaintiff's previous responses to their written discovery requests.

"The defendants could have timely filed a motion to compel long before trial saying that previous discovery compliance was incomplete, that the plaintiff had failed to disclose her medical condition and treatment. They could have asked for a status conference to discuss issues they have belatedly raised in their motion. The court's docket reflects that no motion to compel was filed until January 6, which was after jury selection had begun.

"The court finds that the defendants were on notice in October, 2015, of issues which they are raising now in their motion, more than a year later. The defendants' presentation is untimely."

On January 20, 2017, the court, *Sheridan, J.*, entered

the following order in this case:

"Jury selection will commence on March 14, 2017. This is a firm trial date. Both counsel are responsible for ensuring that they and their clients and witnesses are ready for trial on the scheduled date. NO FURTHER CONTINUANCES OF THE TRIAL DATE WILL BE PERMITTED, absent compelling circumstances which are fully beyond the ability of counsel to anticipate, prevent or control.

"Between now and the commencement of jury selection, no additional pretrial motions, pretrial discovery, or designation of additional witnesses or additional exhibits for trial will be permitted, without the prior permission of the court based upon a showing of good cause."

On January 27, 2017, the defendants filed a motion to reconsider Judge Shapiro's January 18, 2017 denial of their motion to compel. The defendants, noting that the matter had been rescheduled for mid-March, claimed that there was "plenty of time to secure the medical records" and that the plaintiff's prior medical authorization had expired. The defendants requested that the court order the plaintiff to furnish an authorization for the defendants to secure those records. The plaintiff filed an objection to the defendants' motion on February 8, 2017. One month later, on February 27, 2017, Judge Shapiro denied the defendants' motion to reconsider, referencing Judge Sheridan's order requiring prior permission of the court to file additional pretrial motions and stating that the defendants' motion to reconsider had been filed in violation of that order.

On March 16, 2017, the parties appeared for jury selection before Judge Noble, now assigned as the trial judge for this matter. At that time, the plaintiff's counsel[1] presented the court with a physician's note that indicated she was temporarily "unable to carry out her duties" because of certain medical conditions. On the basis of the physician's note, the plaintiff's counsel requested a six to eight week continuance.

Judge Noble then addressed the defendants' counsel, Attorney William J. Melley III, with the following question: "You had a motion, Mr. Melley, to reconsider and to reargue Judge Shapiro's order denying you the right to continue discovery; is that correct?" Attorney Melley responded: "Yes, Your Honor." At that point, Judge Noble ruled: "All right. Your motion for continuance is granted. The motion to reargue is granted. Your motion to continue discovery is now permitted."

When the plaintiff's counsel objected, stating that she believed that the court was penalizing her because she currently was unable to proceed to trial, Judge Noble provided the following reasons for his ruling: "So, we have six to eight weeks. We have a case that is from 2013. We have a case that encountered significant diffi-

culties because of all counsel in getting to trial. We have one attorney who is unable to continue because of [a] physical [condition] and another attorney who claims that he is unable to continue because of physical disabilities, so I will accommodate both your schedules. Given the fact that we have now another six to eight weeks to go, [the defendants' counsel] has an opportunity to conduct further discovery."

On April 5, 2017, the plaintiff filed a motion to reargue Judge Noble's decision allowing the defendants to engage in further discovery. In that motion, the plaintiff set forth the procedural history of the case, emphasizing that Judge Shapiro had denied the defendants' motion to compel and had denied the defendants' motion to reconsider that had been filed in violation of Judge Sheridan's order. The plaintiff argued that the court's sua sponte reconsideration of Judge Shapiro's ruling deprived her of her due process rights to notice and an opportunity to be heard, and also was contrary to the law of the case doctrine. The defendants filed an objection to the plaintiff's motion to reargue on April 11, 2017. On April 12, 2017, Judge Noble denied the plaintiff's motion to reargue and sustained the defendants' objection to that motion. In sustaining the defendants' objection, Judge Noble stated: "The continuance of the trial date operates to ameliorate the need for discontinuance of further discovery."

On March 30, 2017, the defendants filed a motion for an order for compliance, seeking specified medical records from the plaintiff that the defendants claimed had not been completely disclosed. In the motion, the defendants represented that, if the plaintiff preferred, they would accept an authorization to secure those records. The defendants moved for an order of compliance or, in the alternative, such other relief as the court deemed appropriate, including, inter alia, the entry of a nonsuit against the plaintiff. The plaintiff filed an objection to the defendants' motion on April 10, 2017, claiming that her motion to reargue Judge Noble's decision should first be considered. She stated that she was incorporating all of the arguments set forth in her motion to reargue in her objection to the defendants' motion. On April 25, 2017, the court, *Hon. Constance L. Epstein*, judge trial referee, granted the defendants' motion for an order for compliance. Judge Epstein's order provided: "Plaintiff must comply with all outstanding discovery requests for medical records and billings by May 2, 2017." The plaintiff did not move to reargue Judge Epstein's decision.

On May 3, 2017, the defendants moved for a judgment of nonsuit, claiming that the plaintiff had failed to comply with Judge Epstein's order. The plaintiff filed an objection to the defendants' motion for judgment on May 11, 2017, again outlining in detail Judge Shapiro's prior orders denying the defendants' request for further

discovery and Judge Sheridan's order requiring prior permission of the court to file additional pretrial motions before jury selection. The plaintiff argued that the prior rulings had never been vacated and, therefore, that Judge Noble's sua sponte ruling allowing the defendants the opportunity for further discovery was made "without any legal or statutory authority" and was "invalid." The plaintiff further claimed that the rulings of Judge Noble and Judge Epstein were contrary to the law of the case. Finally, the plaintiff argued that the sanction of a nonsuit was not proportional to the "purported failure" to comply with Judge Epstein's order.

On May 15, 2017, following a hearing before the court, Judge Peck ruled on the defendants' motion for judgment. In the following order, Judge Peck denied the defendants' motion without prejudice: "However, after review of the several court orders concerning discovery of certain of the plaintiff's medical records relating to this case, as well as the plaintiff's extensive objection (#154) to this motion, in accordance with the two most recent court orders issued, #149.86 (*Noble, J.*), and #145.86 (*Hon. Constance L. Epstein*, judge trial referee), which have both required production of the documents at issue, the undersigned can discern no compelling reason to disturb those decisions, which now constitute the law of the case. Accordingly, the plaintiff is hereby ordered to produce the requested medical records identified in the defendants' motion for order of compliance (#145), and more particularly identified in [their] motion to compel (#122), or produce appropriate authorization(s) from the plaintiff to the defendants' counsel, no later than 5/30/17, authorizing him to obtain such records directly from the medical providers in question. The court notes that Judge Epstein originally ordered that the same records be produced by 5/2/17. . . ."

The plaintiff did not move to reargue Judge Peck's decision. She filed a notice of intent to appeal the court's ruling on May 26, 2017. Additionally, on May 26, 2017, the plaintiff filed a motion for an order of sanctions against the defendants' counsel. After reciting the extensive factual and procedural history of the case, the plaintiff argued that the defendants' counsel had "consistently misrepresented material facts and the law of the case to the court . . . ." On May 31, 2017, the defendants again moved that the court nonsuit the plaintiff for her failure to comply with the orders of Judge Epstein and Judge Peck. The defendants represented that the plaintiff failed to provide the specified medical records or to produce appropriate authorizations to secure those records. On June 7, 2017, the defendants' counsel filed a motion for an extension of time to respond to the plaintiff's motion for an order of sanctions. In that motion, the defendants stated that a motion for judgment was pending before the court and that the court's ruling on the defendants' motion for

judgment could render moot the issues raised in the plaintiff's request for sanctions.

On June 8, 2017, the plaintiff filed a "Reply To Defendants' Motion For Judgment." In her reply, the plaintiff again extensively reviewed Judge Shapiro's rulings, attaching a transcript of the January 18, 2017 hearing before Judge Shapiro as an exhibit. The plaintiff then claimed that she was "being forced to disclose irrelevant information so that the [d]efendants can inappropriately cause confusion . . . ." The plaintiff additionally requested that the court rule on her motion for an order of sanctions before ruling on the defendants' motion for judgment. Finally, after claiming "a gross violation of her due process rights," the plaintiff requested "that this action be dismissed at this point for the purpose of the plaintiff taking an appeal . . . ."

On June 19, 2017, Judge Peck issued a comprehensive order on the defendants' motion for judgment: "The court hereby orders a nonsuit as to the plaintiff for failure to comply with three previous orders of the court concerning discovery in this case. The discovery in question was specifically identified in the defendants' motion to compel (#122). Two such orders (#145.86 [*Hon. Constance L. Epstein*, judge trial referee,] and #152.86 [*Hon. A. Susan Peck*, judge trial referee]), contained deadlines of 5/2/17 and 5/30/17, respectively. The discovery subject of the motion to compel was originally authorized by a third order of the court issued on 4/12/17 (#149.86 [*Noble, J.*]).[2] On 1/20/2017, a jury trial in this case, which was scheduled to commence evidence on 1/18/2017 before Judge Shapiro, was postponed after several jurors asked to be excused. In connection with the postponement of that trial, the court (*Sheridan, J.*) issued an order which stated in pertinent part: 'Between now and the commencement of jury selection, no additional pretrial motions, pretrial discovery, or designation of additional witnesses or additional exhibits for trial will be permitted, without the prior permission of the court based on a showing of good cause.' See docket entry #137. Since 1/20/17, despite a notice by Judge Sheridan that no further continuances of the trial date would be permitted absent compelling circumstances, the trial of this 2013 case has been rescheduled numerous times. After a hearing held on 4/12/17,[3] Judge Noble granted such permission to defendants to obtain additional discovery in the form of medical record production.

"Jury selection is presently scheduled to recommence on June 20, 2017. Plaintiff's counsel has represented that for personal health reasons, Attorney Harvey Levine is not able to perform as trial counsel. In addition, some of the trial delay since February has been due to acknowledged health reasons personal to Attorney Jennifer Levine. Health issues, notwithstanding, both Attorney Harvey Levine and Attorney Jennifer

Levine have recently submitted pleadings in this case and have appeared jointly at the hearings that have been held concerning the issue of discovery compliance. In contrast to the legitimate reasons communicated by both counsel relating to trial scheduling, there has been no legitimate or acceptable reason presented for the wilful and repeated failure of plaintiff's counsel to comply with the discovery orders of this court. Counsel continue to challenge the order of Judge Noble issued on 4/12/17,[4] whereby he authorized the defendants' request to obtain additional document production or medical authorizations in this case, despite the fact that that no motion to reargue or reconsider that decision was filed.[5] In addition, as previously noted, plaintiff's counsel have also chosen to ignore the subsequent orders of Judges Epstein and Peck. Instead, they insistently seek to harken back to a prior order of Judge Shapiro issued in January, 2017, just prior to the commencement of the evidence then scheduled in this case and ultimately postponed due to juror unavailability. The plaintiff, albeit through her counsel, cannot selectively and unreasonably cling to an earlier order of one judge under circumstances then existing and choose to ignore the subsequent orders of three different judges under changed circumstances. Although this court has been reluctant to impose the sanction of nonsuit until this juncture, based on counsel's persistent, wilful disregard for the lawful orders of this court, the undersigned is left with no viable alternative. A fine would not do justice to what constitutes 'deliberate, contumacious . . . [and] unwarranted disregard for the court's authority . . . .' *Herrick* v. *Monkey Farm Cafe, LLC*, 163 Conn. App. 45, 51, 134 A.3d 643 (2016). This affront to the court, made on behalf of the plaintiff, has been both unjustified and unnecessary to preserve the rights of the plaintiff to prosecute her case to a successful conclusion. Plaintiff's counsel has not even attempted [to] articulate any particular prejudice that the plaintiff will suffer in connection with the production of the documents in question. Rather, counsel argues that the production of this information is not relevant to the plaintiff's claim, an improper objection to the broad mandate afforded requests for discovery. See Practice Book § 13-2. In fact, in a response to the defendants' motion, the plaintiff concedes that the document production in question relates to medical provider records apparently disclosed in her pretrial memo. See docket entry #159. For all the foregoing reasons, the court can find no reasonable alternative to vindicate the court's authority other than to issue this order of nonsuit." (Footnotes added.) This appeal followed.

## I

The plaintiff's first issue on appeal is that Judge Noble improperly raised and considered a prior ruling of Judge Shapiro without affording her a fair opportunity to respond. Specifically, she argues that Judge Noble's

ruling was an abuse of discretion because "the plaintiff did not have a fair opportunity to respond to the potential reconsideration of the defendants' motion to compel because she lacked notice that Judge Noble intended to use the hearing on the plaintiff's motion for continuance as an opportunity to address Judge Shapiro's denial of the defendants' motion to reconsider. . . . Indeed, had the plaintiff known that Judge Noble would act sua sponte in considering Judge Shapiro's denial of the motion to reconsider, she would have attempted to familiarize Judge Noble with the entire procedural history of the case, including the two days of oral arguments spent before Judge Shapiro and Judge Shapiro's extensive ruling on this issue." (Citation omitted.)

The plaintiff's first claim essentially attacks Judge Noble's ruling that allowed the defendants to engage in further discovery on two grounds: (1) the rulings of Judge Shapiro and Judge Sheridan constituted the law of the case, and (2) the plaintiff was denied her due process rights because she did not know Judge Noble intended to revisit the defendants' request for additional discovery, and, therefore, she had not been prepared at that time to argue fully the matter. We are not persuaded.

Simply put, Judge Noble's ruling was a case management decision. The parties appeared before him on March 16, 2017, for scheduled jury selection. At that time, the plaintiff's counsel presented the court with a physician's note indicating that she was temporarily unable to perform her duties at trial. The plaintiff's counsel requested a six to eight week continuance. Judge Noble clearly was aware of the filings in the case because he asked the defendants' counsel whether he had filed a motion to reargue Judge Shapiro's ruling denying further discovery.[6] Given that Judge Noble was willing to accommodate the plaintiff's request for yet another postponement of the trial, it was not an abuse of discretion to permit additional discovery because of the change in circumstances.

"We review case management decisions for abuse of discretion, giving [trial] courts wide latitude. . . . A party adversely affected by a [trial] court's case management decision thus bears a formidable burden in seeking reversal. . . . A trial court has the authority to manage cases before it as is necessary. . . . Deference is afforded to the trial court in making case management decisions because it is in a much better position to determine the effect that a particular procedure will have on both parties. . . . The case management authority is an inherent power necessarily vested in trial courts to manage their own affairs in order to achieve the expeditious disposition of cases. . . . The ability of trial judges to manage cases is essential to judicial economy and justice." (Citations omitted; internal quotation marks omitted.) *Krevis* v. *Bridgeport*, 262

Conn. 813, 818–19, 817 A.2d 628 (2003).

Nevertheless, the plaintiff argues that Judge Shapiro had more familiarity with the case and that his rulings denying additional discovery had never been vacated. In essence, the plaintiff is arguing that Judge Shapiro's prior rulings were the law of the case that were binding on all subsequent judges. Assuming arguendo that the law of the case doctrine is applicable here,[7] the plaintiff's claim fails for the following reasons.

The law of the case doctrine provides that when "a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, *in the absence of some new or overriding circumstance*." (Emphasis added.) *Breen* v. *Phelps*, 186 Conn. 86, 99, 439 A.2d 1066 (1982). "The law of the case is not written in stone but is a flexible principle of many facets adaptable to the exigencies of the different situations in which it may be invoked." (Internal quotation marks omitted.) *McCarthy* v. *McCarthy*, 55 Conn. App. 326, 332, 752 A.2d 1093 (1999), cert. denied, 252 Conn. 923, 752 A.2d 1081 (2000). "A judge is not bound to follow the decisions of another judge made at an earlier stage of the proceedings, and if the same point is again raised he has the same right to reconsider the question as if he had himself made the original decision. . . . [O]ne judge may, in a proper case, vacate, modify, or depart from an interlocutory order or ruling of another judge in the same case, upon a question of law." (Internal quotation marks omitted.) *Wagner* v. *Clark Equipment Co.*, 259 Conn. 114, 130–31, 788 A.2d 83 (2002).

Judge Noble emphasized in his rulings that the circumstances had changed since Judge Shapiro's prior rulings. The plaintiff had just requested a six to eight week continuance for medical reasons.[8] The court was willing to grant that request, but, in its discretion, decided that the defendants now could pursue further discovery because of the trial delay: "Given the fact that we have now another six to eight weeks to go, [the defendants' counsel] has an opportunity to conduct further discovery." This ruling was not an abuse of the court's discretion. "Abuse is not present if discretion is not exercised arbitrarily or wilfully, but with regard to what is right and equitable under the circumstances and the law, and [it is] directed by the reason and conscience of the judge to a just result. . . . And [sound discretion] requires a knowledge and understanding of the material circumstances surrounding the matter . . . ." (Internal quotation marks omitted.) *Krevis* v. *Bridgeport*, supra, 262 Conn. 819.

With respect to the plaintiff's argument that Judge Noble violated her due process rights by reconsidering, sua sponte, the defendants' prior request to obtain additional discovery, we note that the discovery issue was

raised at a hearing necessitated by the plaintiff's motion to continue the trial for an additional six to eight weeks. It is not surprising that, given the lengthy postponement, the judge presiding over the trial would raise and decide other issues impacted by such a delay. The defendants' ongoing requests to obtain certain specified records, although previously determined to be untimely and made without prior permission by the court as required by Judge Sheridan's ruling, now could be seen as reasonable in light of this change in circumstances. If the plaintiff believed that she was not prepared to argue this issue, she could have requested a recess to review the file and prepare her arguments. She made no such request, instead accusing the court of penalizing her for the requested continuance.

Moreover, there is no indication as to what the plaintiff would have argued if she had had advance notice and the opportunity to be heard on the defendants' request to engage in further discovery. She states in her appellate brief that she would have "attempted to familiarize Judge Noble with the entire procedural history of the case, including the two days of oral arguments spent before Judge Shapiro and Judge Shapiro's extensive ruling on this issue." The plaintiff assumes, without any evidence in the record to support it, that Judge Noble had not reviewed the file or was unfamiliar with the prior rulings of the court. There is no foundation for this assumption, and we will not presume that the court acted without knowledge of the contents of the file. Accordingly, we conclude that the plaintiff's due process rights were not violated by the sua sponte ruling of Judge Noble.

II

The plaintiff next claims that her failure to comply with discovery orders did not warrant the rendering of a judgment of nonsuit by Judge Peck. Specifically, she argues: "The trial court abused its discretion in entering a judgment of nonsuit against the plaintiff. In this case, the plaintiff deliberately chose to seek appellate review of the discovery order by failing to comply with the order and by appealing from the subsequent judgment of nonsuit. The plaintiff's conduct, considered in its entirety, does not evince a continuing pattern of violations that warranted the judgment of nonsuit against the plaintiff." We conclude that Judge Peck did not abuse her discretion by ordering a judgment of nonsuit.

"In order for a trial court's order of sanctions for violation of a discovery order to withstand scrutiny, three requirements must be met.

"First, the order to be complied with must be reasonably clear. In this connection, however, we also state that even an order that does not meet this standard may form the basis of a sanction if the record establishes that, notwithstanding the lack of such clarity, the

party sanctioned in fact understood the trial court's intended meaning. This requirement poses a legal question that we will review de novo.

"Second, the record must establish that the order was in fact violated. This requirement poses a question of fact that we will review using a clearly erroneous standard of review.

"Third, the sanction imposed must be proportional to the violation. This requirement poses a question of the discretion of the trial court that we will review for abuse of that discretion." *Millbrook Owners Assn., Inc.* v. *Hamilton Standard*, 257 Conn. 1, 17–18, 776 A.2d 1115 (2001). "[D]iscretion imports something more than leeway in decision-making. . . . It means a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice. . . . In addition, the court's discretion should be exercised mindful of the policy preference to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court. . . . Our practice does not favor the termination of proceedings without a determination of the merits of the controversy where that can be brought about with due regard to necessary rules of procedure. . . . Therefore, although dismissal of an action is not an abuse of discretion where a party shows a deliberate, contumacious or unwarranted disregard for the court's authority . . . the court should be reluctant to employ the sanction of dismissal except as a last resort. . . . [T]he sanction of dismissal should be imposed only as a last resort, and where it would be the only reasonable remedy available to vindicate the legitimate interests of the other party and the court. . . . The reasoning of *Millbrook Owners Assn.*, [*Inc.*, applies] equally to nonsuits and dismissals." (Citation omitted; internal quotation marks omitted.) *Blinkoff* v. *O & G Industries, Inc.*, 89 Conn. App. 251, 257–58, 873 A.2d 1009, cert. denied, 275 Conn. 907, 882 A.2d 668 (2005).

In the present case, Judge Peck rendered a judgment of nonsuit against the plaintiff for her "failure to comply with three previous orders of the court concerning discovery . . . ." Over the plaintiff's objection, Judge Noble authorized the defendants to engage in further discovery at the March 16, 2017 hearing on the plaintiff's request for an extended continuance of the trial. Judge Noble denied the plaintiff's motion to reargue that decision on April 12, 2017. Judge Epstein subsequently ruled on the defendants' motion for an order of compliance and ordered the plaintiff to comply with all outstanding discovery requests for medical records and billings by May 2, 2017. When the plaintiff failed to comply with Judge Epstein's order, the defendants moved for judgment in their favor. Judge Peck, following a hearing on May 15, 2017, denied the defendants' motion without

prejudice. In her order issued that same day, Judge Peck cautioned the plaintiff by stating that the orders of Judge Noble and Judge Epstein now constituted "the law of the case." Judge Peck ordered the plaintiff to produce certain identified medical records or to provide authorizations to the defendants' counsel to obtain those records directly from the medical providers no later than May 30, 2017. When the plaintiff failed to comply with Judge Peck's May 15, 2017 order, the defendants again filed a motion for judgment in their favor. The plaintiff filed a reply to that motion, claiming the information sought was irrelevant and requesting that the court dismiss her action "for the purpose of the plaintiff taking an appeal . . . ."

In rendering the judgment of nonsuit, Judge Peck cited applicable case law relating to the sanction of nonsuit or dismissal. She recognized that a court should be reluctant to impose such a sanction, but she concluded that the plaintiff had evidenced "persistent, wilful disregard for the lawful orders of this court" and that the court was "left with no viable alternative." Judge Peck stated that a fine "would not do justice to what constitutes deliberate, contumacious . . . [and] unwarranted disregard for the court's authority . . . ." (Internal quotation marks omitted.) As further support for her decision to render a judgment of nonsuit, Judge Peck noted that the plaintiff unreasonably clung to the prior order of Judge Shapiro and chose to disregard the subsequent orders of three different judges under changed circumstances. Moreover, according to the court, the plaintiff had not even attempted to articulate any particular prejudice that she would suffer by producing the documents in question.

In considering the plaintiff's claim that the judgment of nonsuit was an improper sanction for her failure to comply with the previously referenced court orders, we first note that the orders of Judge Noble, Judge Epstein and Judge Peck, regarding the discovery requested by the defendants, were "reasonably clear." *Millbrook Owners Assn., Inc.* v. *Hamilton Standard*, supra, 257 Conn. 17. Second, it is also undisputed that the plaintiff repeatedly failed to comply with those court orders. Finally, under the circumstances as set forth in detail in Judge Peck's judgment of nonsuit, we cannot conclude that the court abused its discretion in imposing this sanction. We are convinced that the trial court properly considered all of the relevant factors in ordering the nonsuit.

The plaintiff was adamant in her position that the orders of Judge Shapiro and Judge Sheridan were the law of the case and that the subsequent orders of Judge Noble, Judge Epstein and Judge Peck were improper and invalid. Although she chose not to comply in order to have an appealable judgment of nonsuit rendered against her,[9] she did so at the risk of having her claims

fail on appeal. As discussed previously in this opinion, Judge Noble's sua sponte decision to allow the defendants to engage in further discovery was reasonable and proper given the change in circumstances. The plaintiff has not challenged Judge Epstein's order and Judge Peck's May 15, 2017 order as being unreasonable, except for the fact that they were based on Judge Noble's authorization to the defendants to engage in further discovery. The plaintiff disregarded the three court orders at her peril. "[A] party has a duty to obey a court order even if the order is later held to have been unwarranted." *Tomasso Bros., Inc.* v. *October Twenty-Four, Inc.*, 230 Conn. 641, 658 n.20, 646 A.2d 133 (1994).

For all of the foregoing reasons, we conclude that the plaintiff's claim that the court abused its discretion in rendering the judgment of nonsuit fails.

### III

The plaintiff's final claim is that Judge Peck improperly declined to consider the plaintiff's motion for an order of sanctions against the defendants' counsel prior to rendering the judgment of nonsuit. Specifically, she argues that "no circumstances existed that justified such a refusal. Thus, the trial court lacked the authority to refuse to consider the plaintiff's motion."

As with the plaintiff's first claim, the court's decision as to the order of considering pending motions is one of case management. "Deference is afforded to the trial court in making case management decisions because it is in a much better position to determine the effect that a particular procedure will have on both parties." *Krevis* v. *Bridgeport*, supra, 262 Conn. 819. The plaintiff cites no relevant authority that would have required Judge Peck to consider the plaintiff's motion first. Accordingly, we conclude that the court did not abuse its discretion in ruling on the defendants' motion for judgment prior to considering the plaintiff's motion for an order of sanctions against the defendants' counsel.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Two attorneys, Harvey L. Levine and Jennifer Beth Levine, filed appearances on behalf of the plaintiff. Attorney Harvey L. Levine told Judge Noble that his health issues prevented him from being lead counsel for this jury trial. When we refer to plaintiff's counsel in the singular in this opinion, we are referring to Attorney Jennifer Beth Levine.

[2] Judge Noble's order actually was issued at a hearing held on March 16, 2017. His April 12, 2017 order was a denial of the plaintiff's motion to reargue that ruling.

[3] See footnote 2 of this opinion.

[4] See footnote 2 of this opinion.

[5] The plaintiff did file a motion to reargue Judge Noble's decision on April 5, 2017, which the court denied on April 12, 2017.

[6] No one has claimed that Judge Noble did not have access to the court file at the time he made his rulings.

[7] There is some question as to whether the law of the case doctrine applies to rulings on matters left to the court's discretion. See *McCarthy* v. *McCarthy*, 55 Conn. App. 326, 333–34, 752 A.2d 1093 (1999), cert. denied, 252 Conn. 923, 752 A.2d 1081 (2000).

[8] The plaintiff stresses that her request for a continuance was based on

the "plaintiff's counsel's need for accommodation for severe medical complications . . . which constituted a protected disability under state and federal law." Judge Noble did not say that her request for a continuance was not a legitimate request. Even if her condition was a protected disability, she nevertheless was asking to delay the trial for six to eight weeks. It was reasonable for the court to conclude that the length of the postponement of trial constituted a change in circumstances.

[9] In her "reply" to the defendants' motion for judgment, the plaintiff requested that Judge Peck dismiss her action. She now, however, claims on appeal that the rendering of the judgment of nonsuit for failure to comply with the three discovery orders was an abuse of discretion.

---